EDWARD J. NEVIN, State Bar No. 41226
NEVIN & ABSOLOM
22 Battery Street, Suite 333
San Francisco, California 94111
Tel:    (415) 392-5040
Fax:    (415) 392-3729
E-Mail: ed.nevin@333law.com

DAVID E. WOOD, State Bar No. 121170
JEFFREY A. KIBURTZ, State Bar No. 228127
WOOD & BENDER LLP
864 E. Santa Clara Street
San Buenaventura, California 93001
Tel:    (805) 288-1300
Fax:    (805) 288-1301
E-Mail: dew@wood-bender.com
        jak@wood-bender.com

Attorneys for Plaintiff JAMES M. CADY
On Behalf Of Himself And All Others
Similarly Situated

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES M. CADY, an Individual, on Behalf of
Himself and All Others Similarly Situated,

    Plaintiff,

vs.

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY, a
California Corporation; PREMERA BLUE
CROSS, an Alaska Corporation; BLUE
CROSS AND BLUE SHIELD OF
ALABAMA, an Alabama Corporation;
ARKANSAS BLUE CROSS AND BLUE
SHIELD, an Arkansas Corporation; BLUE
CROSS AND BLUE SHIELD OF ARIZONA,
INC., an Arizona Corporation; BLUE SHIELD
OF CALIFORNIA LIFE & HEALTH
INSURANCE COMPANY, a California
Corporation; ANTHEM BLUE CROSS AND
BLUE SHIELD, an Indiana Corporation;

Case No.: CV 08 2753 CW

Action Filed:

CLASS ACTION COMPLAINT
UNDER ERISA

8052881301
Wood & Bender LLP
:36:35 a.m.   06-02-2008   7/20

WOOD | BENDER LLP
864 E. Santa Clara Street | San Buenaventura | CA 93001   805-288-1300   fax: 805-288-1301   www.wood-bender.com

| | |
|---|---|
| 1 | CAREFIRST, INC., a Maryland Corporation; ) |
| | BLUE CROSS BLUE SHIELD OF ) |
| 2 | DELAWARE, a Delaware Corporation; BLUE ) |
| | CROSS AND BLUE SHIELD OF FLORIDA, ) |
| 3 | INC., a Florida Corporation; BLUE CROSS ) |
| | AND BLUE SHIELD OF GEORGIA, INC., a ) |
| 4 | Georgia Corporation; HAWAII MEDICAL ) |
| | SERVICE ASSOCIATION, a Hawaii ) |
| 5 | Corporation; WELLMARK, INC., an Iowa ) |
| | Corporation; BLUE CROSS OF IDAHO, INC.,) |
| 6 | an Idaho Corporation; REGENCE ) |
| | BLUESHIELD OF IDAHO, INC., an Idaho ) |
| 7 | Corporation; THE REGENCE GROUP, an ) |
| | Oregon Corporation; BLUE CROSS AND ) |
| 8 | BLUE SHIELD OF KANSAS, INC., a Kansas ) |
| | Corporation; BLUE CROSS AND BLUE ) |
| 9 | SHIELD OF LOUISIANA, a Louisiana ) |
| | Corporation; BLUE CROSS AND BLUE ) |
| 10 | SHIELD OF MASSACHUSETTS, INC., a ) |
| | Massachusetts Corporation; BCBSM ) |
| 11 | FOUNDATION, a Michigan Corporation; ) |
| | BCBSM FOUNDATION, INC., a Minnesota ) |
| 12 | Corporation; BLUE CROSS AND BLUE ) |
| | SHIELD OF KANSAS CITY, a Missouri ) |
| 13 | Corporation; BLUE CROSS & BLUE SHIELD ) |
| | OF MISSISSIPPI, a Mississippi Corporation; ) |
| 14 | BLUE CROSS AND BLUE SHIELD OF ) |
| | MONTANA, INC., a Montana Corporation; ) |
| 15 | BLUE CROSS AND BLUE SHIELD OF ) |
| | NORTH CAROLINA, a North Carolina ) |
| 16 | Corporation; BLUE CROSS BLUE SHIELD ) |
| | OF NORTH DAKOTA, a North Dakota ) |
| 17 | Corporation; BLUE CROSS AND BLUE ) |
| | SHIELD OF NEBRASKA, a Nebraska ) |
| 18 | Corporation; BLUECROSS BLUESHIELD OF) |
| | WESTERN NEW YORK, a New York ) |
| 19 | Corporation; BLUE SHIELD OF ) |
| | NORTHEASTERN NEW YORK, a New York ) |
| 20 | Corporation; EMPIRE BLUECROSS ) |
| | BLUESHIELD, a New York Corporation; ) |
| 21 | EXCELLUS BLUECROSS BLUESHIELD, a ) |
| | New York Corporation; BLUE CROSS OF ) |
| 22 | NORTHEASTERN PENNSYLVANIA, a ) |
| | Pennsylvania Corporation; CAPITAL BLUE ) |
| 23 | CROSS, a Pennsylvania Corporation; ) |
| | HIGHMARK BLUE CROSS BLUE SHIELD, ) |
| 24 | a Pennsylvania Corporation; HIGHMARK ) |
| | BLUE SHIELD, a Pennsylvania Corporation; ) |
| 25 | INDEPENDENCE BLUE CROSS, a ) |
| | Pennsylvania Corporation; BLUE CROSS & ) |
| 26 | BLUE SHIELD OF RHODE ISLAND, a |

69893v1

2

CLASS ACTION COMPLAINT UNDER ERISA

| | |
|---|---|
| 1 | Rhode Island Corporation; BLUE CROSS ) |
| | AND BLUE SHIELD OF SOUTH ) |
| 2 | CAROLINA, a South Carolina Corporation; ) |
| | BLUECROSS BLUESHIELD OF ) |
| 3 | TENNESSEE, INC., a Tennessee Corporation; ) |
| | BLUE CROSS AND BLUE SHIELD OF ) |
| 4 | TEXAS, a Texas Corporation; BLUE CROSS ) |
| | AND BLUE SHIELD OF VERMONT, a ) |
| 5 | Vermont Corporation; MOUNTAIN STATE ) |
| | BLUE CROSS BLUE SHIELD, INC., a West ) |
| 6 | Virginia Corporation; BLUE CROSS & BLUE ) |
| 7 | SHIELD OF WYOMING, a Wyoming ) |
| | Corporation, ) |
| 8 | ) |
| | Defendants. ) |
| 9 | ) |

Plaintiff James M. Cady ("Cady"), on behalf of himself and all others similarly situated, hereby alleges this class action complaint seeking relief against the following defendants under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*:

## PARTIES

1. Plaintiff Cady is a resident of the State of California, and resides within this District.

2. Defendant Anthem Blue Cross Life and Health Insurance Company ("BC Life") is a California corporation licensed and admitted to sell group health insurance plans in the State of California. BC Life is a subsidiary of WellPoint, Inc. ("WellPoint"), an Indiana corporation formed after the merger between Anthem and WellPoint Health Network. WellPoint is a licensee of the Blue Cross Blue Shield Association ("BCBSA"), and is the Blue Cross and Blue Shield ("BCBS") licensee for Colorado, Connecticut, Indiana, Kentucky, Maine, Missouri, Nevada, New Hampshire, Ohio, Oklahoma, Virginia, Wisconsin, Georgia and New York. WellPoint is licensed and admitted to sell group health insurance in all fifty states through subsidiaries.

3. Defendant Premera Blue Cross ("Premera BC") is an Alaska corporation licensed and admitted to sell group health insurance in the States of Alaska and Washington.

///


4. Defendant Blue Cross and Blue Shield of Alabama ("BCBS AL") is an Alabama corporation licensed and admitted to sell group health insurance in the State of Alabama.

5. Defendant Arkansas Blue Cross and Blue Shield ("BCBS AR") is an Arkansas corporation licensed and admitted to sell group health insurance in the State of Arkansas.

6. Defendant Blue Cross and Blue Shield of Arizona, Inc. ("BCBS AZ") is an Arizona corporation licensed and admitted to sell group health insurance in the State of Arizona.

7. Defendant Blue Shield of California Life & Health Insurance Company ("Blue Shield CA") is a California corporation licensed and admitted to sell group health insurance in the State of California.

8. Defendant Anthem BCBS ("Anthem") is a subsidiary of WellPoint licensed and admitted to sell group health insurance in the States of Colorado, Connecticut, Indiana, Kentucky, Maine, New Hampshire, Nevada, Ohio, Oklahoma, Virginia, Wisconsin.

9. Defendant Carefirst, Inc. ("CareFirst") is a Maryland corporation licensed and admitted to sell group health insurance in Maryland and the District of Columbia.

10. Defendant Blue Cross Blue Shield of Delaware ("BCBS DE") is a Delaware corporation licensed and admitted to sell group health insurance in the State of Delaware.

11. Defendant Blue Cross and Blue Shield of Florida, Inc. ("BCBS FL") is a Florida corporation licensed and admitted to sell group health insurance in the State of Florida.

12. Defendant Blue Cross and Blue Shield of Georgia, Inc. ("BCBS GE") is a Georgia subsidiary of WellPoint licensed and admitted to sell group health insurance in the State of Georgia.

13. Defendant Hawaii Medical Service Association ("HMSA") is a Hawaii corporation licensed and admitted to sell group health insurance in the State of Hawaii.

14. Defendant Wellmark, Inc. ("Wellmark") is an Iowa corporation licensed and admitted to sell group health insurance in the State of Iowa.

15. Defendant Blue Cross of Idaho, Inc. ("BC ID") is an Idaho corporation licensed and admitted to sell group health insurance in the State of Idaho.

///

69893v1

4

CLASS ACTION COMPLAINT UNDER ERISA

16. Defendant Regence Blueshield of Idaho, Inc. ("Regence ID") is an Idaho corporation licensed and admitted to sell group health insurance in the State of Idaho.

17. Defendant The Regence Group ("Regence") is an Oregon corporation licensed and admitted to sell group health insurance in the States of Idaho, Utah, Oregon and Washington through subsidiaries.

18. Defendant Blue Cross and Blue Shield of Kansas, Inc. ("BCBS KS") is a Kansas corporation licensed and admitted to sell group health insurance in the State of Kansas.

19. Defendant Blue Cross and Blue Shield of Louisiana ("BCBS LA") is a Louisiana corporation licensed and admitted to sell group health insurance in the State of Louisiana.

20. Defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("BCBS MA") is a Massachusetts corporation licensed and admitted to sell group health insurance in the State of Massachusetts.

21. Defendant BCBSM Foundation ("BCBSM MI") is a Michigan corporation licensed and admitted to sell group health insurance in the State of Michigan.

22. Defendant BCBSM Foundation, Inc. ("BCBSM MN") is a Minnesota corporation licensed and admitted to sell group health insurance in the State of Minnesota.

23. Defendant Blue Cross and Blue Shield of Kansas City ("BCBS KC") is a Missouri subsidiary of WellPoint licensed and admitted to sell group health insurance in the State of Missouri.

24. Defendant Blue Cross & Blue Shield of Mississippi ("BCBS MS") is a Mississippi corporation licensed and admitted to sell group health insurance in the State of Mississippi.

25. Defendant Blue Cross and Blue Shield of Montana, Inc. ("BCBS MT") is a Montana corporation licensed and admitted to sell group health insurance in the State of Montana.

26. Defendant Blue Cross and Blue Shield of North Carolina ("BCBS NC") is a North Carolina corporation licensed and admitted to sell group health insurance in the State of North Carolina.

27. Defendant Blue Cross Blue Shield of North Dakota ("BCBS ND") is a North Dakota corporation licensed and admitted to sell group health insurance in the State of North Dakota.

28. Defendant Blue Cross and Blue Shield of Nebraska ("BCBS NE") is a Nebraska corporation licensed and admitted to sell group health insurance in the State of Nebraska.

29. Defendant BlueCross BlueShield of Western New York ("BCBS WNY") is a New York corporation licensed and admitted to sell group health insurance in the State of New York.

30. Defendant BlueShield of Northeastern New York ("BS NENY") is a New York corporation licensed and admitted to sell group health insurance in the State of New York.

31. Defendant Empire BlueCross BlueShield ("Empire BCBS") is a New York subsidiary of WellPoint licensed and admitted to sell group health insurance in the State of New York.

32. Defendant Excellus BlueCross BlueShield ("Excellus BCBS") is a New York corporation licensed and admitted to sell group health insurance in the State of New York.

33. Defendant Blue Cross of Northeastern Pennsylvania ("BC NEPA") is a Pennsylvania corporation licensed and admitted to sell group health insurance in the State of Pennsylvania.

34. Defendant Capital Blue Cross ("Capital BC") is a Pennsylvania corporation licensed and admitted to sell group health insurance in the State of Pennsylvania.

35. Defendant Highmark Blue Cross Blue Shield ("Highmark BCBS") is a Pennsylvania corporation licensed and admitted to sell group health insurance in the State of Pennsylvania.

36. Defendant Highmark Blue Shield ("Highmark BS") is a Pennsylvania corporation licensed and admitted to sell group health insurance in the State of Pennsylvania.

37. Defendant Independence Blue Cross ("Independence BC") is a Pennsylvania corporation licensed and admitted to sell group health insurance in the State of Pennsylvania.

///

38. Defendant Blue Cross & Blue Shield of Rhode Island ("BCBS RI") is a Rhode Island corporation licensed and admitted to sell group health insurance in the State of Rhode Island.

39. Defendant Blue Cross and Blue Shield of South Carolina ("BCBS SC") is a South Carolina corporation licensed and admitted to sell group health insurance in the State of South Carolina.

40. Defendant Wellmark of South Dakota, Inc. ("Wellmark SD") is a South Dakota subsidiary of WellPoint licensed and admitted to sell group health insurance in the State of South Dakota.

41. Defendant Bluecross Blueshield of Tennessee, Inc. ("BCBS TN") is a Tennessee corporation licensed and admitted to sell group health insurance in the State of Tennessee.

42. Defendant Blue Cross and Blue Shield of Texas ("BCBS TX") is a Texas corporation licensed and admitted to sell group health insurance in the State of Texas.

43. Defendant Blue Cross and Blue Shield of Vermont ("BCBS VT") is a Vermont corporation licensed and admitted to sell group health insurance in the State of Vermont.

44. Defendant Mountain State Blue Cross Blue Shield, Inc. ("Mountain State") is a West Virginia corporation licensed and admitted to sell group health insurance in the State of West Virginia.

45. Defendant Blue Cross & Blue Shield of Wyoming ("BCBS WY") is a Wyoming corporation licensed and admitted to sell group health insurance in the State of Wyoming.

46. Defendants BC Life, Premera BC, BCBS AL, BCBS AR, BCBS AZ, Blue Shield CA, Anthem, CareFirst, BCBS DE, BCBS FL, BCBS GE, HMSA, Wellmark, BC ID, Regence ID, Regence, BCBS KS, BCBS LA, BCBS MA, BCBSM MI, BCBSM MN, BCBS KC, BCBS MS, BCBS MT, BCBS NC, BCBS ND, BCBS NE, BCBS WNY, BS NENY, Empire BCBS, Excellus BCBS, BC NEPA, Capital BC, Highmark BCBS, Highmark BS, Independence BC, BCBS RI, BCBS SC, Wellmark SD, BCBS TN, BCBS TX, BCBS VT, Mountain State and BCBS WY are referred to collectively as "defendants" unless individually described.

///

## JURISIDCTION AND VENUE

47. Jurisdiction of this Court is based on ERISA, which establishes exclusive subject matter jurisdiction over adjudication of ERISA claims and remedies in the federal courts of the United States. Accordingly, this Court has jurisdiction over the subject matter of this litigation under 29 U.S.C. § 1132(e) and (f), and 29 U.S.C. § 1331.

48. One or more of the defendants, including defendant BC Life, is admitted to sell group health insurance in the State of California, and is subject to personal jurisdiction within the Northern District of California at the time this action is commenced. One or more of the defendants, including BC Life, therefore resides within this District for purposes of venue, rendering this Court the appropriate situs for this suit.

49. Cady is a participant in a group health plan called the G.C.I. Salaried PPO Plan ("GCI Plan"), which is sponsored by his employer Granite Construction Incorporated ("Granite") and insured and administered by defendant BC Life. The GCI Plan is a Preferred Provider Organization ("PPO") under which the level of benefits afforded the insured employee varies according to whether services are furnished by a health care provider on or off the preferred provider list.

50. The GCI Plan is governed by ERISA. Defendant BC Life is the payer of all health insurance benefits provided under the GCI Plan. BC Life is a fiduciary under the GCI Plan.

51. The GCI Plan covers the cost of pulmonary cancer treatment, and excludes from coverage "[s]ervices or supplies that are not medically necessary, as defined."

52. Cady is informed and believes, and therefore alleges, that each of the defendants sells to employers a PPO to be provided to employees as a benefit of their employment, that covers the cost of pulmonary cancer treatment, and excludes from coverage in words or substance "[s]ervices or supplies that are not medically necessary, as defined." These PPO's, together with the GCI Plan, are referred to collectively as "the Blue Cross Plans." Cady is informed and believes, and therefore alleges, that as respects the approval of treatment of pulmonary cancers, the Blue Cross Plans are materially identical.

53. The Blue Cross Plans are governed by ERISA. Defendants are the payers of all health insurance benefits provided under the Blue Cross Plans. Each defendant is a fiduciary under its respective Blue Cross Plan.

## GENERAL ALLEGATIONS

54. This litigation involves defendants' nearly categorical decision to refuse coverage for Radiofrequency Ablation ("RFA") therapy for sarcoma metastic to the lung where tumors do not exceed 7 cm in diameter, in patients for whom surgery is not a viable option.

55. RFA is a means of treating pulmonary cancer patients who are not surgical candidates due to the size or nature of their tumors. The procedure is far less invasive than any conventional therapy for these cancers, including surgery, radiation therapy, and chemotherapy. It is performed on an outpatient basis under general anesthesia or conscious sedation. The patient is made into an electrical circuit by placing grounding pads on the thighs. A very small needle-electrode with an insulated shaft and an uninsulated distal tip is inserted directly into the tumor. Ultrasound, CT scan, or MRI guide the needles to the correct spot and monitor treatment. Each treatment session has about 10 to 15 minutes of active ablation. The energy at the needle tip causes ionic agitation and frictional heat in the surrounding tissue, which, when hot enough, leads to cell death and coagulation necrosis. This results in a small sphere of dead tissue per treatment session. The killed tumor cells are not removed, but are gradually replaced by fibrosis and scar tissue. Most patients feel little or no pain during the procedure and go home the same day or the day after the procedures, usually with no pain or soreness.

56. BC Life has declared publicly that it will "not provide coverage for radiofrequency ablation of pulmonary tumors . . . [because RFA] is considered investigational." Yet Cady is informed and believes, and therefore alleges, that BC Life has provided coverage under its Blue Cross Plan for RFA of pulmonary tumors not exceeding 7 cm in certain patients, contrary to its declared policy, and has applied approval standards for RFA of pulmonary tumors not exceeding 7 cm in diameter different from its publicly-stated policy with respect to similarly-situated insureds.

57. Cady is informed and believes, and therefore alleges, that BC Life has

9
CLASS ACTION COMPLAINT UNDER ERISA

prospectively declined approval for coverage of RFA for pulmonary tumors not exceeding 7 cm in diameter under its Blue Cross Plan, or has denied coverage under its Blue Cross Plan for the expense of RFA after an insured pulmonary cancer patient whose tumors do not exceed 7 cm in diameter has already undergone the procedure, or has declared publicly that it will not pay for RFA under its Blue Cross Plan for pulmonary cancers with tumors not exceeding 7 cm in diameter, or has done all or some of the foregoing.

58. Cady is informed and believes, and therefore alleges, that every other defendant has prospectively declined approval for coverage of RFA for pulmonary tumors not exceeding 7 cm in diameter under its Blue Cross Plan, or has denied coverage under its Blue Cross Plan for the expense of RFA after an insured pulmonary cancer patient whose tumors do not exceed 7 cm in diameter has already undergone the procedure, or has declared publicly that it will not pay for RFA under its Blue Cross Plan for pulmonary cancers with tumors not exceeding 7 cm in diameter, or has done all or some of the foregoing.

59. Virtually all major health insurers (including CIGNA and Aetna) cover RFA in tumors of the lung because it offers a less invasive alternative to conventional cancer therapies. Devices used to perform RFA have been approved by the U.S. Food & Drug Administration "for the ablation and coagulation of soft tissue," and the procedure has shown favorable results in human patients with pulmonary tumors of no more than 7 cm in diameter. Consequently, RFA is neither experimental nor investigational, and is covered under the Blue Cross Plans.

## CLASS ALLEGATIONS

60. Cady is a 51-year-old male with a history of synovial sarcoma of the left radial bone. The sarcoma has been, at times, and is metastatic to the lung and status post nephrectomy. Cady's pulmonary tumors do not exceed 7 cm in diameter.

61. On October 25, 2006, BC Life denied pre-authorization for RFA of Cady's pulmonary tumors. Cady elected not to pursue RFA treatment at that time, instead opting for a drug-based treatment. Although this treatment showed promise for eight months, progression resumed. Cady asked BC Life to reconsider its denial of coverage for RFA. On April 19, 2007, BC Life upheld its previous denial of RFA treatment for Cady.

62. Cady underwent the RFA treatment on May 9, 2007 at his own expense. The total charge for the treatment was $29,945.63. Cady has exhausted all administrative remedies concerning his claim for approval and reimbursement of this charge under the GCI Plan.

63. Cady is informed and believes, and therefore alleges, other insureds under Blue Cross Plans with inoperable, malignant pulmonary tumors not exceeding 7 cm in diameter have been denied approval and/or coverage for RFA, and have exhausted all administrative remedies with respect to their claims. These insureds are referred to collectively as "the Class."

64. Certain Class members, when denied coverage for RFA, have undergone RFA at their own expense and therefore are out-of-pocket for a benefit that one or more defendants should have covered under one or more of the Blue Cross Plans. These Class members are a sub-set of the Class inasmuch as they are owed the cost of RFA treatment plus interest. They are referred to collectively as "the Treated Sub-Class." The Treated Sub-Class seeks an order of the Court directing (a) the defendant issuer of each Treated Sub-Class member to remit to the member his or her out-of-pocket cost, plus interest at the legal rate; and (b) all defendants to provide coverage under the Blue Cross Plans for RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter.

65. The remaining Class members, when denied coverage for RFA, did not undergo the treatment at their own expense. They are referred to collectively as "the Untreated Sub-Class." The Untreated Sub-Class seeks an order of the Court directing defendants to provide coverage under the Blue Cross Plans for RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter.

66. The proposed Class is ascertainable. By this litigation Cady seeks an adjudication that defendants must cover the Treated Sub-Class and the Untreated Sub-Class under the Class Policies for RFA of inoperable pulmonary tumors of 7 cm in diameter, and must reimburse the Treated Sub-Class for the cost of RFA. All Class members have paid their deductibles and co-payments, and otherwise have satisfied all conditions to coverage under the Blue Cross Plans. Litigation of this issue, and the questions of fact and law arising from it, will resolve the rights of all members of the Class, and therefore will have a binding effect on all Class members.

67.     Class members can be readily identified from defendants' patient and provider records as well as other means readily available to defendant, and therefore to Cady through minimally-intrusive discovery. The Class is so numerous that joinder of all Class members is impracticable, due both to the sheer volume of the Class, the reluctance of Class members to sue their insurer, and the relatively small monetary recovery for each Class member in comparison to the costs associated with separate litigation.

68.     The proposed Class has a well-defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defense. Cady has claims typical of the Treated Sub-Class and the Untreated Sub-Class. Cady can fairly and adequately represent and protect the interests of the Class, in that there are no conflicts among his interests and those of other Class members.

69.     This action is not collusive, and Cady and his counsel have the necessary resources to litigate this action. Counsel have the experience and ability required to prosecute this action as a class action.

70.     The certification of a class in this action is superior to the litigation of a multitude of cases by individual members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are Class members who are unlikely to join or bring an action due to, among other things, their reluctance to sue their insurer and/or their inability to afford a separate action. Finally, equity dictates that all persons who stand to benefit from the relief sought here should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the Class members in relationship to the benefit received.

### FIRST CLAIM FOR RELIEF

*(29 U.S.C. § 1132(a)(1)(B))*

### ORDER DIRECTING COVERAGE

71.     Plaintiff Cady incorporates into this claim all allegations of this Complaint as if set forth in full herein.

CLASS ACTION COMPLAINT UNDER ERISA

72. By refusing to provide coverage under the Class Policies for RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter, defendants have breached the Blue Cross Plans and violated 29 U.S.C. §1332(a)(1)(B). The Class (including the Untreated Sub-Class and the Treated Sub-Class) is entitled to a declaration and order clarifying their rights to past and future benefits under the Blue Cross Plans, and directing to provide coverage under the Blue Cross Plans for RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter.

73. The Class is entitled to an award of attorneys' fees and costs incurred to enforce its right to relief under this claim, pursuant to 29 U.S.C. §1332(g).

## SECOND CLAIM FOR RELIEF

*(29 U.S.C. § 1132(a)(1)(B))*

### RESTITUTION

74. Plaintiff Cady incorporates into this claim all allegations of this Complaint as if set forth in full herein.

75. By refusing to provide coverage under the Class Policies for RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter, defendants have breached the Class Policies and violated 29 U.S.C. §1332(a)(1)(B). The Treated Sub-Class is entitled to a declaration and order of restitution of all monies members have paid for RFA of inoperable pulmonary tumors of 7 cm in diameter, which defendants should have covered under the Blue Cross Plans, plus interest.

76. The Class is entitled to an award of attorneys' fees and costs incurred to enforce its right to relief under this claim, pursuant to 29 U.S.C. §1332(g).

///

**WHEREAS** Cady prays for judgment against defendants as follows:

**FIRST CLAIM FOR RELIEF:**

1. An order directing all defendants to provide coverage under the Class Policies for RFA of inoperable pulmonary tumors of 7 cm in diameter.
2. An award of attorneys' fees and costs.
3. Such other relief as the Court may order.

**SECOND CLAIM FOR RELIEF:**

1. An order of restitution to members of the Treated Sub-Class for the costs of RFA of inoperable pulmonary tumors of 7 cm in diameter the Treated Sub-Class has actually incurred.

2. An award of interest.

3. An award of attorneys' fees and costs.

4. Such other relief as the Court may order.

///

Dated: May 30, 2008

WOOD & BENDER LLP

By _____
DAVID E. WOOD
Attorneys for Plaintiff JAMES M. CADY
On Behalf Of Himself And All Others
Similarly Situated