1   Kathleen Taylor Sooy (admitted *pro hac vice*)
        ksooy@crowell.com
2   Tracy A. Roman (admitted *pro hac vice*)
        troman@crowell.com
3   Andrew D. Kaplan (admitted *pro hac vice*)
        akaplan@crowell.com
4   CROWELL & MORING LLP
    1001 Pennsylvania Ave., N.W.
5   Washington, D.C.  20004
    Telephone:  (202) 624-2500
6   Facsimile:  (202) 628-5116

7   Steven P. Rice (State Bar No. 094321)
        srice@crowell.com
8   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
9   Irvine, California  92614
    Telephone:  (949) 798-1310
10  Facsimile:  (949) 263-8414

11  Attorneys for Defendants Blue Cross of Idaho
    Health Service, Inc., Blue Cross and Blue Shield of
12  Kansas City, Blue Cross and Blue Shield of
    Nebraska, HealthNow New York Inc.
13  (d/b/a/ BlueCross BlueShield of Western New
    York and BlueShield of Northeastern New York),
14  Blue Cross Blue Shield of North Dakota, and BlueCross
    BlueShield of Wyoming

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                         OAKLAND DIVISION

19

20  JAMES M. CADY, an Individual, on Behalf
    of Himself and All Others Similarly         Case No. CV-08-2753-CW
    Situated,
21                                              **NOTICE OF MOTION AND**
                    Plaintiff,                  **MOTION OF CERTAIN**
22                                              **DEFENDANTS TO DISMISS**
            v.                                  **PLAINTIFF'S COMPLAINT**
23
    ANTHEM BLUE CROSS LIFE AND                  Date: September 25, 2008
24  HEALTH INSURANCE CO., *et al.*,             Time: 2:00 p.m.

25                  Defendants.                 Judge: The Honorable Claudia Wilken

26

27

28

                                                              Case No. CV-08-2753
    MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT

crowell moring
3 Park Plaza, 20thFloor
Irvine, CA  92614-8505
(949) 263-8400

1

## TABLE OF CONTENTS

2

3    TABLE OF AUTHORITIES.................................................................................... ii

4    NOTICE...................................................................................................................1

5    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF
     CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT.....................................1

6

     INTRODUCTION....................................................................................................1

7

     PLAINTIFF'S COMPLAINT....................................................................................2

8
          I.    PLAINTIFF'S ALLEGATIONS AGAINST BC LIFE .........................2

9
          II.   PLAINTIFF'S ALLEGATIONS AGAINST MOVING DEFENDANTS ..............3

10
          III.  PLAINTIFF'S CLASS ALLEGATIONS ..........................................3

11

     LEGAL STANDARDS ............................................................................................4

12

     ARGUMENT ...........................................................................................................5

13
          I.    PLAINTIFF LACKS CONSTITUTIONAL STANDING TO SUE
                MOVING  DEFENDANTS...................................................................5

14

15        II.   PLAINTIFF LACKS STATUTORY STANDING TO SUE MOVING
                DEFENDANTS ..................................................................................6

16
          III.  PLAINTIFF'S FAILURE TO PLEAD WITH SPECIFICITY REQUIRES
17              DISMISSAL OF THE CLAIMS AGAINST MOVING DEFENDANTS...............7

18              A.    Plaintiff's Generalized Allegations Against Moving Defendants Fail
                      Under *Twombly* ...................................................................................8
19
                B.    Plaintiff Fails To Adequately Allege Exhaustion Of Administrative
20                    Remedies ...............................................................................................9

21   CONCLUSION.........................................................................................10

22

23

24

25

26

27

28

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

crowell moring

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......................................................2, 4, 8

4

*Central Delta Water Agency v. United States*, 306 F.3d 938 (9th Cir. 2002) ...............................5

5

*Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023 (9th Cir. 1995).....................................................6

6

*Diaz v. United Agric. Employee Welfare Benefit Plan and Trust*,
   50 F.3d 1478 (9th Cir. 1995)................................................................................................9, 10

7

8

*Easter v. American West Finance*, 381 F.3d 948 (9th Cir. 2004).....................................................6

9

*Everhart v. Allmerica Finance Life Insurance Co.*, 275 F.3d 751 (9th Cir. 2001).........................7

10

*Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc.*,
   721 F.2d 654 (9th Cir. 1983).....................................................................................................6

11

*Harris v. Provident Life and Accident Insurance Co.*, 26 F.3d 930 (9th Cir. 1994) ....................6

12

*In re Syntex Corp. Securities Litigation*, 95 F.3d 922 (9th Cir. 1996) .........................................4

13

*Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003)...........................................................................5

14

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).........................................................................8

15

*Morongo Band of Mission Indians v. California State Board of Equalization*,
   858 F.2d 1376 (9th Cir. 1988) ..................................................................................................4

16

*Peterson v. American Health & Life Insurance Co.*, 48 F.3d 404 (9th Cir. 1995).......................7

17

*Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976)..........................................5

18

*Steel v. Citizens for a Better Environment*, 523 U.S. 83 (1998) ...................................................5

19

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001).................4

20

*United States v. 40.60 Acres of Land*, 483 F.2d 927 (9th Cir. 1973) ...........................................4

21

*Warth v. Seldin,* 422 U.S. 490 (1975) ...........................................................................................6

22

23

**STATUTES**

24

29 U.S.C. § 1001.............................................................................................................................1

25

29 U.S.C. § 1132(a)(1)(B).......................................................................................................3, 6, 7

26

27

28

ii                          Case No. CV-08-2753
MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT

**RULES**

Fed. R. Civ. P. 8 ...........................................................................................................2, 8

Fed. R. Civ. P. 12(b)(1) ................................................................................................1, 4

Fed. R. Civ. P. 12(b)(6) .............................................................................................1, 4, 7

**MISCELLANEOUS**

Laura Dietz, *et al.*, *Statement of Claim: Pleading Claim as to Each Defendant*, 61A Am. Jur. 2d Pleading § 190 (West July 2007) ...................................................................................8

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

**NOTICE**

PLEASE TAKE NOTICE, that at 2:00 p.m. on September 25, 2008, or as soon thereafter

as the matter can be heard, in Courtroom 2 of this Court, located at 1301 Clay Street, Oakland, CA

94612, defendants Blue Cross of Idaho Health Service, Inc.,[1] Blue Cross and Blue Shield of

Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a/

BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue

Cross Blue Shield of North Dakota, and BlueCross BlueShield of Wyoming (collectively,

"Moving Defendants") will move this Court for an order dismissing the Complaint with prejudice

as to Moving Defendants, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The grounds supporting this Motion are set forth in the following Memorandum of Points and

Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

This case arises out of the alleged denial of benefits under an employer-sponsored health

care plan. Plaintiff sued, under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq*., alleging that defendant Anthem Blue Cross Life and Health

Insurance Company ("BC Life") improperly denied him coverage for a medical treatment known

as Radiofrequency Ablation ("RFA"). Named as defendants in this action, however, are forty-

three other Blue Cross and Blue Shield companies (including Moving Defendants), none of which

have any connection to plaintiff's employer, his benefit plan, or his claims for medical coverage.[2]

---

[1] Incorrectly sued as "Blue Cross of Idaho, Inc."

[2] Since filing his Complaint, plaintiff has voluntarily dismissed four of these defendants without prejudice.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

The claims against the Moving Defendants should be dismissed for three reasons. First, plaintiff lacks standing under Article III of the United States Constitution, because there is no connection between plaintiff's alleged injury and Moving Defendants' alleged conduct. Framing the Complaint as a purported class action does not cure the lack of constitutional standing. Second, plaintiff lacks standing to sue under ERISA, as he is not a participant or beneficiary in any plan insured by Moving Defendants, and Moving Defendants do not administer the benefit plan at issue in this case. Third, plaintiff has failed to state a claim against Moving Defendants because he has not sufficiently pled his allegations under Federal Rule of Civil Procedure 8, as required by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

## PLAINTIFF'S COMPLAINT

### I.    PLAINTIFF'S ALLEGATIONS AGAINST BC LIFE.

Plaintiff alleges that he is "a participant in a group health plan called the G.C.I. Salaried PPO Plan ('GCI Plan'), which is sponsored by his employer Granite Construction Incorporated ('Granite') and insured and administered by defendant BC Life." Compl. ¶ 49. According to plaintiff, "BC Life is the payer of all health insurance benefits provided under the GCI Plan," which is a Preferred Provider Organization ("PPO") and is governed by ERISA. *Id.* ¶¶ 49-50. The GCI Plan covers the cost of pulmonary cancer treatment, but excludes from coverage services that are not medically necessary. *Id.* ¶ 51.

Plaintiff alleges that, through his health plan, he sought coverage for the use of RFA to treat his pulmonary tumors, and that BC Life twice denied pre-authorization for the treatment. *Id.* ¶ 61. Plaintiff avers that BC Life's policy is to deny coverage for RFA for pulmonary tumors because the treatment is "considered investigational" (*id.* ¶ 56), and that BC Life's policy violates the terms of his group health plan. *Id.* ¶ 59.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

Plaintiff further alleges that he underwent the RFA treatment at his own expense, incurring $29,945.63 in costs. *Id.* ¶ 62. Plaintiff seeks an order under 29 U.S.C. § 1132(a)(1)(B) directing BC Life to cover "RFA of inoperable, malignant pulmonary tumors of 7 cm in diameter." *Id.* ¶ 72. Also pursuant to 29 U.S.C. § 1132(a)(1)(B), plaintiff seeks restitution from BC Life for the costs he incurred in undergoing RFA treatment. *Id.* ¶ 75.

## II.    PLAINTIFF'S ALLEGATIONS AGAINST MOVING DEFENDANTS.

Plaintiff alleges, upon information and belief, that each of the other 43 defendants, including Moving Defendants, also provide to employers a PPO that covers the cost of pulmonary cancer treatment, but excludes from coverage services that are not "medically necessary." *Id.*[3] ¶ 52. Plaintiff conclusorily alleges that "as respects the approval of treatment of pulmonary cancers, the Blue Cross Plans are materially identical." *Id.* Plaintiff further alleges, again upon information and belief, that the 43 other defendants have declined coverage for RFA treatment for pulmonary tumors not exceeding 7 cm in diameter, even though RFA is covered under their plans. *Id.* ¶ 58.

## III.   PLAINTIFF'S CLASS ALLEGATIONS.

Plaintiff purports to bring his Complaint as a putative class action. He defines the class, for which he is the sole class representative, as "other insureds under Blue Cross Plans with inoperable, malignant pulmonary tumors not exceeding 7 cm in diameter [who] have been denied approval and/or coverage for RFA, and [who] have exhausted all administrative remedies with respect to their claims." *Id.* ¶ 63. He also defines the following two subclasses: (1) class members who underwent RFA at their own expense after being denied coverage (the "Treated Sub-Class"); and (2) class members who did not undergo RFA after being denied coverage (the

---

[3] Plaintiff collectively refers to these PPOs as "the Blue Cross Plans." *Id.* ¶ 52.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

"Untreated Sub-Class"). *Id.* ¶¶ 64-65. Under the facts pled, plaintiff himself is not a member of the Untreated Sub-Class.

As to the Treated Sub-Class, plaintiff seeks an order directing each defendant who insures a Treated Sub-Class member to remit to the member the out-of-pocket costs for RFA treatment and to provide coverage for RFA of pulmonary tumors of 7 cm in diameter. *Id.* ¶ 64. As to the Untreated Sub-Class, plaintiff seeks an order directing defendants to provide coverage for RFA of pulmonary tumors of 7 cm in diameter. *Id.* ¶ 65.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), dismissal of a claim is required when a court lacks subject matter jurisdiction over that claim. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal subject matter jurisdiction is a threshold issue that goes to the power of the court to hear a case. *Id.*; *United States v. 40.60 Acres of Land,* 483 F.2d 927, 928 (9th Cir. 1973). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

Under Rule 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations and internal quotation marks omitted). Although allegations of material fact are taken as true, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 926 (9th Cir.

MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1  1996).  Dismissal with prejudice is appropriate when the deficiencies in the complaint could not

2  possibly be cured by amendment.  *See, e.g., Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

3  <u>**ARGUMENT**</u>

4
5  **I.    PLAINTIFF LACKS CONSTITUTIONAL STANDING TO SUE MOVING
       DEFENDANTS.**

6       For a plaintiff to have standing to sue in a federal court, Article III of the United States

7  Constitution requires that:  (1) the plaintiff must have an "injury in fact;" (2) there must be a

8  "fairly traceable" causal connection between the injury and the conduct complained of; and (3) the

9  injury must be redressable by the requested relief.  *Steel v. Citizens for a Better Env't.*, 523 U.S.

10 83, 103 (1998); *Central Delta Water Agency v. United States*, 306 F.3d 938, 946-47 (9th Cir.

11 2002).  The burden of establishing constitutional standing "falls upon the party asserting federal

12

13 jurisdiction."  *Id.* at 947.

14      Plaintiff does not have the requisite constitutional standing to bring his claims against

15 Moving Defendants because he does not allege any causal connection between his alleged injury

16 and Moving Defendants' alleged conduct.  Plaintiff claims damages for RFA treatment that he

17 paid for because BC Life allegedly denied his request for coverage of the treatment.  Compl.

18 ¶¶ 61-62.  He does not allege that any of *Moving Defendants' conduct* caused his injury.  Nor

19 could he, because he does not allege any connection between him and Moving Defendants.

20 Because "the 'case or controversy' limitation of Art. III … requires that a federal court act only to

21

22 redress injury that fairly can be traced to the challenged action of the defendant," plaintiff has no

23 standing to bring his claims against Moving Defendants.  *Simon v. Eastern Kentucky Welfare*

24 *Rights Org.*, 426 U.S. 26, 41 (1976) (indigent individuals who were denied hospital service did not

25 have Article III standing to sue Department of Treasury officials because the hospitals, not the

26 Treasury employees, caused their injury).

27

28

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1    The fact that plaintiff brings his Complaint as a purported class action does not confer

2    standing on him to sue Moving Defendants. "That a suit may be a class action … adds nothing to

3    the question of standing, for even named plaintiffs who represent a class 'must allege and show

4    that they personally have been injured, not that injury has been suffered by other, unidentified

5    members of the class to which they belong and which they purport to represent.'" *Id.* at 40 & n.20

6    (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)) (noting that organizations could not seek

7    standing based on "their special interest in the health problems of the poor," because they alleged

8    no injury at the hands of the defendants); s*ee also Easter v. American West Fin.*, 381 F.3d 948,

9    962 (9th Cir. 2004) ("The district court correctly addressed the issue of standing before it

10   addressed the issue of class certification."). In other words, plaintiff, having alleged no injury that

11   can be attributed to the Moving Defendants' conduct, cannot sue Moving Defendants based on

12   injuries allegedly suffered by unnamed members of the putative class. For these reasons, the

13   claims against Moving Defendants should be dismissed for lack of subject matter jurisdiction.

14

15

16   **II.    PLAINTIFF LACKS STATUTORY STANDING TO SUE MOVING
             DEFENDANTS.**

17

18       Plaintiff also lacks statutory standing to sue Moving Defendants. Plaintiff invokes this

19   Court's jurisdiction pursuant to ERISA. Compl. ¶ 47. Therefore, if plaintiff lacks standing to sue

20   under ERISA, this Court lacks subject matter jurisdiction over his claims. *See, e.g.*, *Curtis v.*

21   *Nevada Bonding Corp.*, 53 F.3d 1023, 1026 (9th Cir. 1995) ("federal courts lack subject matter

22   jurisdiction if the plaintiff in an action for benefits owed under an ERISA plan lacks standing to

23   bring a civil suit enforcing ERISA under 29 U.S.C. § 1132(a)(1)(B)."); *Harris v. Provident Life*

24   *and Accident Ins. Co.*, 26 F.3d 930 (9th Cir. 1994); *Freeman v. Jacques Orthopaedic and Joint*

25   *Implant Surgery Medical Group, Inc.*, 721 F.2d 654, 655 (9th Cir. 1983).

26       In order to have standing to sue under 29 U.S.C. § 1132(a)(1)(B), a plaintiff must be a

27   "participant" in, or a "beneficiary" of, the ERISA plan at issue. *Curtis*, 53 F.3d at 1027. "A

28

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

crowell moring

'participant' is 'any employee or former employee of an employer,'" while "a 'beneficiary' is 'a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.'" *Peterson v. American Health & Life Ins. Co.*, 48 F.3d 404, 408 (9th Cir. 1995) (citations omitted). Plaintiff alleges that he is a participant in the GCI Plan, which is sponsored by his employer and insured and administered by BC Life. Compl. ¶ 49. Plaintiff does not allege, nor can he, that he is a participant or beneficiary in any plan insured or administered by Moving Defendants. Accepting all of plaintiff's allegations as true, because plaintiff is not a participant or beneficiary in any plan insured or administered by Moving Defendants, he lacks statutory standing to sue Moving Defendants under ERISA.

Moreover, the only proper defendant in a claim for benefits under § 1132(a)(1)(B) is the plan as an entity or the plan administrator. *Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 753-54 (9th Cir. 2001).[4] Because plaintiff does not (and cannot) allege that Moving Defendants are either the plan under which he seeks benefits or the administrator of such plan, Moving Defendants are not proper defendants.

For these reasons, the claims against Moving Defendants should be dismissed.

**III.    PLAINTIFF'S FAILURE TO PLEAD WITH SPECIFICITY REQUIRES DISMISSAL OF THE CLAIMS AGAINST MOVING DEFENDANTS.**

Plaintiff's claims should be dismissed for the additional reason that plaintiff fails to state a claim against Moving Defendants under Rule 12(b)(6).

---

[4] District courts in the Ninth Circuit appear to be split on the issue of whether a "plan administrator" is a proper defendant in a suit brought under 29 U.S.C. § 1132(a)(1)(B). *See Everhart*, 275 F.3d at 753-54 (recognizing intra-circuit split, but declining to "determine which line of cases more accurately states the law"). This open question is not relevant to this case, as Moving Defendants are neither the plan nor the plan administrator with respect to plaintiff's health benefits.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

**A.      Plaintiff's Generalized Allegations Against Moving Defendants Fail Under *Twombly*.**

The vast majority of plaintiff's allegations focus on plaintiff's unique circumstances, including his medical condition and care, his employer, his benefit plan, and his benefit plan's insurer.  Despite the individualized nature of his claims, plaintiff makes generalized allegations against Moving Defendants, who have no connection with plaintiff's particular circumstances.  These conclusory allegations fail to meet Rule 8's pleading requirements, particularly in light of the Supreme Court's recent decision in *Twombly*.

In *Twombly*, the United States Supreme Court clarified the pleading requirements under the Federal Rules of Civil Procedure, holding that Rule 8 requires that a complaint's "[f]actual allegations . . . be enough to raise a right to relief above the speculative level."  *Twombly*, 127 S. Ct. at 1965.  Plaintiff's generalized allegations against the Moving Defendants fail to comport with *Twombly's* pleading standard.  For example, plaintiff alleges that "[t]his litigation involves defendants' nearly categorical decision to refuse coverage for Radiofrequency Ablation ('RFA') therapy for sarcoma metastic to the lung where tumors do not exceed 7 cm in diameter, in patients for whom surgery is not a viable option."  Comp. ¶ 54.  This allegation is insufficient because plaintiff does not identify *any* alleged denials of coverage other than his own dispute with his health benefit plan.  A "complaint must state a claim as to *each* defendant," Laura Dietz, *et al.*, *Statement of Claim: Pleading Claim as to Each Defendant*, 61A Am. Jur. 2d Pleading § 190 (West July 2007) (emphasis added); s*ee also McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (requiring a complaint that "states clearly how each and every defendant was alleged to have violated plaintiffs' legal rights") (internal quotations omitted).  Plaintiff's attempt to extrapolate the facts underlying BC Life's alleged refusal to cover his RFA treatment to more than three dozen defendants, none of whom insure the plan under which plaintiff sought coverage, fails.

1    Similarly, plaintiff alleges that:

2    [E]very other defendant has prospectively declined approval for coverage of RFA
     for pulmonary tumors not exceeding 7 cm in diameter under its Blue Cross Plan, *or*
3    has denied coverage under its Blue Cross Plan for the expense of RFA after an
     insured pulmonary cancer patient whose tumors do not exceed 7 cm in diameter has
4    already undergone the procedure, *or* has declared publicly that it will not pay for
     RFA under its Blue Cross Plan for pulmonary cancers with tumors not exceeding 7
5    cm in diameter, *or has done all or some of the foregoing.*

6    Compl. at ¶ 58 (emphasis added).  Again, plaintiff alleges no facts to support these general

7    allegations as to Moving Defendants, such as any specific instance in which:  (1) an individual

8    sought coverage of RFA for a pulmonary tumor not exceeding 7 cm in diameter; (2) a Moving

9    Defendant prospectively denied coverage of such medical treatment; (3) a Moving Defendant

10   denied coverage of such medical treatment after the expense was incurred; (4) a Moving

11   Defendant publicly declared that it would not pay for such medical treatments; or (5) a Moving

12   Defendant had a specific policy regarding the coverage of RFA for a pulmonary tumors not

13   exceeding 7 cm in diameter.

14       Even if plaintiff had alleged *any* specific facts to support his claims that the Moving

15   Defendants have denied coverage of RFA for pulmonary tumors of a certain size, he has not

16   alleged that the alleged refusal to cover such RFA was improper and not the result of a legitimate

17   denial of coverage.  Coverage of insurance claims can be denied for reasons other than a dispute

18   about the medical necessity of the treatment at issue.  For instance, if a claimant has a pre-existing

19

20

21   condition or failed to obtain pre-certification for a treatment, coverage may be denied.

22       **B.    Plaintiff Fails To Adequately Allege Exhaustion Of Administrative Remedies.**

23       Before a plaintiff can sue in federal court under ERISA for the denial of coverage, he must

24   exhaust all administrative remedies.  *See, e.g., Diaz v. United Agric. Employee Welfare Benefit*

25   *Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).  In the context of ERISA, exhaustion means

26   that "a claimant must avail himself or herself of a plan's own internal review procedures before

27

28   bringing suit in federal court."  *Id.*

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

With respect to the Moving Defendants, plaintiff's sole allegation regarding exhaustion is the conclusory allegation that the unidentified insureds who have been denied coverage of RFA "have exhausted all administrative remedies." Compl. ¶ 63. The Complaint contains no allegations regarding the exhaustion requirements of any plan insured by the Moving Defendants, let alone how any of the unidentified insureds allegedly complied with such requirements.[5] Because the mechanics of exhaustion are unique to each "plan's own internal review procedures," *Diaz*, 50 F.3d at 1483, plaintiff's generalized and speculative allegations of exhaustion as to the class members fail.

## CONCLUSION

For the reasons set forth above, Moving Defendants respectfully request that this Court dismiss with prejudice all of plaintiff's claims against them.

Dated:  August 15, 2008                    Respectfully submitted,

                                           /s/  Tracy A. Roman
                                           Kathleen Taylor Sooy (admitted *pro hac vice*)
                                           Tracy A. Roman (admitted *pro hac vice*)
                                           Andrew D. Kaplan (admitted *pro hac vice*)
                                           CROWELL & MORING LLP
                                           1001 Pennsylvania Ave., N.W.
                                           Washington, D.C.  20004
                                           Telephone:  (202) 624-2500
                                           Facsimile:  (202) 628-5116

                                           Steven P. Rice (State Bar No. 094321)
                                           CROWELL & MORING LLP
                                           3 Park Plaza, 20th Floor
                                           Irvine, California  92614
                                           Telephone:  (949) 798-1310
                                           Facsimile:  (949) 263-8414

                                           Attorneys for Defendants Blue Cross of Idaho

---

[5] Indeed, plaintiff fails to adequately plead that he exhausted his administrative remedies under the GCI Plan. Conclusorily alleging that he "exhausted all administrative remedies," Compl. ¶ 62, without providing any specific facts of what he did to satisfy the statutory requirement, does not comport with Rule 8's pleading requirements. This is especially true when the facts regarding how plaintiff allegedly exhausted his remedies are uniquely within his control.

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1    Health Service, Inc., Blue Cross and Blue Shield of
Kansas City, Blue Cross and Blue Shield of
2    Nebraska, HealthNow New York Inc. (d/b/a/
BlueCross BlueShield of Western New
3    York and BlueShield of Northeastern New York),
Blue Cross Blue Shield of North Dakota, and
4    BlueCross BlueShield of Wyoming

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

crowell moring
3 Park Plaza, 20thFloor
Irvine, CA 92614-8505
(949) 263-8400

11                                                Case No. CV-08-2753
MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I, Tracy A. Roman, certify that on August 15, 2008, I electronically filed the foregoing

Notice of Motion and Motion of Certain Defendants to Dismiss Plaintiff's Complaint through the

Court's ECF System, and the document is available for downloading.  I also certify that on August

15, 2008, copies of the foregoing documents were served via U.S. Mail on the following:

Jeffrey Alan Kiburtz
Wood & Bender LLP
864 E. Santa Clara Street
San Buenaventura, CA  93001

Michael J. Tuteur
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA  02199

/s/  Tracy A. Roman
Tracy A. Roman

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
(949) 263-8400

1  Kathleen Taylor Sooy (admitted *pro hac vice*)
       ksooy@crowell.com
2  Tracy A. Roman (admitted *pro hac vice*)
       troman@crowell.com
3  Andrew D. Kaplan (admitted *pro hac vice*)
       akaplan@crowell.com
4  CROWELL & MORING LLP
   1001 Pennsylvania Ave., N.W.
5  Washington, D.C.  20004
   Telephone:  (202) 624-2500
6  Facsimile:  (202) 628-5116

7  Steven P. Rice (State Bar No. 094321)
       srice@crowell.com
8  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
9  Irvine, California  92614
   Telephone:  (949) 798-1310
10 Facsimile:  (949) 263-8414

11 Attorneys for Defendants Blue Cross of Idaho
   Health Service, Inc., Blue Cross and Blue Shield
12 of Kansas City, Blue Cross and Blue Shield of
   Nebraska, HealthNow New York Inc.
13 (d/b/a BlueCross BlueShield of Western New
   York and BlueShield of Northeastern New York),
14 Blue Cross Blue Shield of North Dakota, and BlueCross
   BlueShield of Wyoming

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                     OAKLAND DIVISION

18

19 JAMES M. CADY, an Individual, on Behalf
   of Himself and All Others Similarly
20 Situated,

21              Plaintiff,                    Case No. CV-08-2753-CW

22       v.                                   **[PROPOSED] ORDER ON
                                              MOTION OF CERTAIN
23 ANTHEM BLUE CROSS LIFE AND                 DEFENDANTS TO DISMISS
   HEALTH INSURANCE CO., *et al.*,            PLAINTIFF'S COMPLAINT**

24

25              Defendants.

26

27

28

                                                        Case No. CV-08-2753
   [PROPOSED] ORDER ON MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT

crowell moring

3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
(949) 263-8400

1    Upon consideration of the motion of defendants Blue Cross of Idaho Health Service, Inc.,[1]

2  Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow

3  New York Inc. (d/b/a BlueCross BlueShield of Western New York and BlueShield of

4  Northeastern New York), Blue Cross Blue Shield of North Dakota, and BlueCross BlueShield of

5  Wyoming ("Moving Defendants") to dismiss Plaintiff's Complaint, the Motion is hereby

6  GRANTED.

7

8    All claims against the Moving Defendants are hereby dismissed with prejudice.

9

10 IT IS SO ORDERED.

11

12 Dated: _____                          _____
                                                  HONORABLE CLAUDIA WILKEN
13                                                United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27 ─────────────────────
   [1] Incorrectly sued as "Blue Cross of Idaho, Inc."

28

[PROPOSED] ORDER ON MOTION OF CERTAIN DEFENDANTS TO DISMISS PLAINTIFF'S COMPLAINT