**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

EILEEN R. RIDLEY, BAR NO. 151735
  email: eridley@foley.com
MICHAEL A. NARANJO, BAR NO. 221449
  email: mnaranjo@foley.com
PATRICK T. WONG, BAR NO. 233222
  email: pwong@foley.com

Attorneys For Defendants, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, A CALIFORNIA CORPORATION; ARKANSAS BLUE CROSS AND BLUE SHIELD, A MUTUAL INSURANCE COMPANY, AN ARKANSAS CORPORATION; ANTHEM BLUE CROSS AND BLUE SHIELD, AN INDIANA CORPORATION; BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., A GEORGIA CORPORATION; BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., A KANSAS CORPORATION; CAPITAL BLUE CROSS, A PENNSYLVANIA CORPORATION; AND EMPIRE BLUECROSS BLUESHIELD, A NEW YORK CORPORATION

WILLIAM E. VON BEHREN (BAR NO. 106642)
  BvonBehren@mmhllp.com
SIMON MANOUCHERIAN (BAR NO. 198760)
  SManoucherian@mmhllp.com
RUSSELL G. GOMM (BAR NO. 231056)
  RGomm@mmhllp.com
JOANN V. LEE (BAR NO. 251653)
  JLee@mmhllp.com
**MESERVE, MUMPER & HUGHES LLP**
300 SOUTH GRAND AVENUE, 24TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3185
TELEPHONE: (213) 620-0300
FACSIMILE: (213) 625-1930

Attorneys for Defendants
BLUE CROSS AND BLUE SHIELD OF ALABAMA, BLUE SHIELD OF CALIFORNIA, BLUE CROSS BLUE SHIELD OF DELAWARE, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., BLUECROSS AND BLUESHIELD OF LOUISIANA, BLUECROSS BLUESHIELD OF MASSACHUSETTS, INC., BLUE CROSS BLUE SHIELD OF MICHIGAN, BLUE CROSS BLUE SHIELD OF MINNESOTA, BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF RHODE ISLAND, BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUECROSS BLUESHEILD OF TENNESSEE, INC., BLUECROSS BLUESHIELD OF VERMONT, CAREFIRST BLUECROSS BLUESHIELD, EXCELLUS, INC., HAWAII MEDICAL SERVICE ASSOCIATION, HIGHMARK, INC., MOUNTAIN STATE BLUE CROSS BLUE SHIELD, PREMERA BLUE CROSS, THE REGENCE GROUP, AND WELLMARK BLUECROSS BLUESHEILD OF IOWA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

JAMES M. CADY, an Individual, on Behalf of Himself and All Others Similarly Situated,

        Plaintiff,

        v.

Case No.: CV 08-2753 CW

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION, FAILURE TO STATE A CLAIM AND FOR MORE DEFINITE STATEMENT**

ANTHEM BLUE CROSS LIFE AND HEALTH )
INSURANCE COMPANY, A CALIFORNIA )
CORPORATION; PREMERA BLUE CROSS, AN )    **[FRCP 12(b)(1), 12(b)(6) AND (e)]**
ALASKA CORPORATION; BLUE CROSS AND )
BLUE SHIELD OF ALABAMA, AN ALABAMA )
CORPORATION; ARKANSAS BLUE CROSS )    DATE:  SEPTEMBER 25, 2008
AND BLUE SHIELD, AN ARKANSAS )    TIME:  2:00 P.M.
CORPORATION; BLUE CROSS AND BLUE )    DEPT.:  COURTROOM 2, 4TH FLOOR
SHIELD OF ARIZONA, INC., AN ARIZONA )
CORPORATION; BLUE SHIELD OF )    JUDGE:  HON. CLAUDIA WILKEN
CALIFORNIA LIFE & HEALTH INSURANCE )
COMPANY, A CALIFORNIA CORPORATION; )
ANTHEM BLUE CROSS AND BLUE )
SHIELD, AN INDIANA CORPORATION; )
CAREFIRST, INC., A MARYLAND )
CORPORATION; BLUE CROSS BLUE SHIELD )
OF DELAWARE, A DELAWARE CORPORATION; )
BLUE CROSS AND BLUE SHIELD OF )
FLORIDA, INC., A FLORIDA CORPORATION; )
BLUE CROSS AND BLUE SHIELD OF )
GEORGIA, INC., A GEORGIA CORPORATION; )
HAWAII MEDICAL SERVICE )
ASSOCIATION, A HAWAII CORPORATION; )
WELLMARK, INC., AN IOWA CORPORATION; )
BLUE CROSS OF IDAHO, INC., AN IDAHO )
CORPORATION; REGENCE BLUESHIELD OF )
IDAHO, INC., AN IDAHO CORPORATION; THE )
REGENCE GROUP, AN OREGON )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF KANSAS, INC., A KANSAS )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF LOUISIANA, A LOUISIANA )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF MASSACHUSETTS, INC., A )
MASSACHUSETTS CORPORATION; BCBSM )
FOUNDATION, A MICHIGAN CORPORATION; )
BCBSM FOUNDATION, INC., A MINNESOTA )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF KANSAS CITY, A MISSOURI )
CORPORATION; BLUE CROSS & BLUE )
SHIELD OF MISSISSIPPI, A MISSISSIPPI )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF MONTANA, INC., A MONTANA )
CORPORATION; BLUE CROSS AND BLUE )
SHIELD OF NORTH CAROLINA, A NORTH )
CAROLINA CORPORATION; BLUE CROSS BLUE )
SHIELD OF NORTH DAKOTA, A NORTH )
DAKOTA CORPORATION; BLUE CROSS AND )
BLUE SHIELD OF NEBRASKA, A NEBRASKA )
CORPORATION; BLUECROSS BLUESHIELD )
OF WESTERN NEW YORK, A NEW YORK )
CORPORATION; BLUE SHIELD OF )
NORTHEASTERN NEW YORK, A NEW YORK )
CORPORATION; EMPIRE BLUECROSS )
BLUESHIELD, A NEW YORK CORPORATION; )
EXCELLUS BLUECROSS BLUESHIELD, A )

---

NEW YORK CORPORATION; CAPITAL BLUE )
CROSS, A PENNSYLVANIA CORPORATION; )
HIGHMARK BLUE CROSS BLUE SHIELD, A )
PENNSYLVANIA CORPORATION; HIGHMARK )
BLUE SHIELD, A PENNSYLVANIA )
CORPORATION; BLUE CROSS & BLUE )
SHIELD OF RHODE ISLAND, A RHODE )
ISLAND CORPORATION; BLUE CROSS AND )
BLUE SHIELD OF SOUTH CAROLINA, A )
SOUTH CAROLINA CORPORATION; BLUECROSS )
BLUESHIELD OF TENNESSEE, INC., A )
TENNESSEE CORPORATION; BLUE CROSS AND )
BLUE SHIELD OF VERMONT, A VERMONT )
CORPORATION; MOUNTAIN STATE BLUE )
CROSS BLUE SHIELD, INC., A WEST )
VIRGINIA CORPORATION; BLUE CROSS & )
BLUE SHIELD OF WYOMING, A WYOMING )
CORPORATION. )
                                                           )
              DEFENDANTS.                  )

# TABLE OF CONTENTS

NOTICE OF MOTION ...................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

I.      INTRODUCTION ................................................................................................ 2

II.     FACTUAL BACKGROUND ............................................................................. 3
        A.      Cady Is Enrolled With Blue Cross of California. .................................... 3
        B.      Cady Sought RFA Treatment Which Was Denied After Appropriate
                Administrative Proceedings. ..................................................................... 3
        C.      Cady Brings This Suit Against BC Life and A Host of Others Not
                Involved In His Treatment. ........................................................................ 4

III.    Discussion .............................................................................................................. 4
        A.      Plaintiff Lacks Standing To Assert A Claim Against Any Defendant Who
                Is Not In Privity With Him. ........................................................................ 4
        B.      Under the *Everhart* Doctrine, Plaintiff Cannot Assert An ERISA Claim
                Without Substantive Allegations That Identify The Defendants As Plan
                Administrators .............................................................................................. 7
        C.      Plaintiff's Complaint Fails To State A Cause of Action Under The
                *Twombly* Standard ...................................................................................... 8
                1.      Plaintiff's Allegations Are Improperly Asserted Against The
                        Named Defendants As A Group And Fail To Assert Facts Specific
                        To Each Defendant. ......................................................................... 9
                2.      There Are No Allegations That Plaintiff Made A Claim To And/Or
                        Was Rejected by Defendants (Except BC Life). ........................... 10
                3.      Plaintiff's Complaint Fails To Name An Individual Representative
                        For All Purported Sub-Classes Asserted ........................................ 11
                        a.      Plaintiff's Complaint Fails To Name An Individual
                                Representative For the Purported Sub-Class of Claimants
                                Who Requested RFA And Never Received It. ....................... 11
                        b.      Plaintiff's Complaint As Alleged Cannot Support A Class
                                Action Claim Given The Diversity of the Defendants And
                                Their Plans and Policies. ........................................................ 12
                        c.      Plaintiff's Complaint Should Be Dismissed Under FRCP
                                12(e). ...................................................................................... 12

IV.     CONCLUSION ..................................................................................................... 13

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445593.9

**FEDERAL CASES**

*A.B. Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) ............................................................................. 10-11

*A.C. Steelman v. Prudential Ins. Co. of America*,
    2007 WL 2009805 (E.D. Cal. 2007) .................................................................................9

*Aaron v. Aguirre*,
    2007 WL 959083 (S.D. Cal. 2007) .............................................................................. 10-11

*Aguilar v. Allstate Fire and Casualty Insurance Co.*,
    2007 WL 734809 (E.D. La. 2007) .....................................................................................6

*Alvarez v. Unum Life Ins. Co.*,
    2007 WL 2348737 (N.D. Cal. 2007) .................................................................................8

*Bailey et al. v. Patterson*,
    369 U.S. 31 (1962) ...........................................................................................................12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. --, 127 S. Ct. 1955 (2007) ........................................................................*Passim*

*Bishop v. Lucent Technologies, Inc.*,
    520 F.3d 516 (6th Cir. 2008) ............................................................................................9

*Brennan v. Concord EFS, Inc.*,
    369 F. Supp. 2d 1127 (N.D. Cal. 2005) ..........................................................................10

*Clemens v. Daimlerchrysler Corp.*,
    __F.3d __, 2008 WL 2840662 (9th Cir. July 24, 2008)................................................ 8-9

*Conley v. Gibson*,
    355 U.S. 41 (1957).............................................................................................................8

*Curtis v. Nevada Bonding Corp.*,
    53 F.3d 1023 (9th Cir. 1995) .............................................................................................6

*Everhart v. Allmerica Financial Life Insurance Company*,
    275 F.3d 751 (9th Cir. 2001) ......................................................................................... 7-8

*Ford v. MCI Communications Corporation Health And Welfare Plan*,
    399 F.3d 1076 (9th Cir. 2005) ....................................................................................... 7-8

*Forsythe v. Sun Life Financial, Inc.*,
    417 F. Supp. 2d 100 (D. Mass. 2006) ...............................................................................6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.*,
    528 U.S. 167 (2000)...........................................................................................................5

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

*Gen-Probe, Inc. v. Amoco Corp.*,
    926 F. Supp. 948 (S.D. Cal. 1996)..................................................................... 10-11

*Gerlinger v. Amazon.com Inc., Borders Group, Inc.*,
    526 F.3d 1253 (9th Cir. 2008) ...............................................................................5

*Hastings v. Wilson*,
    2007 WL 333617 (D. Minn. 2007) ........................................................................7

*Henry v. Circus Circus Casinos, Inc.*,
    223 F.R.D. 541 (D. Nev. 2004).......................................................................... 5-6

*In re Eaton Vance Corp. Sec. Litig.*,
    220 F.R.D. 162 (D. Mass. 2004)............................................................................6

*In re Providian Financial Corp. ERISA Litigation*,
    2002 WL 31785044 (N.D. Cal. 2002) ................................................................ 10-11

*Kurtcu v. U.S. Parking Inc.*,
    2008 WL 2445080 (N.D. Cal. 2008) ....................................................................12

*La Mar v. H & B Novelty & Loan Co.*,
    489 F.2d 461 (9th Cir. 1973) .................................................................................5

*Lee v. State of Ore.*,
    107 F.3d 1382 (9th Cir. 1997) ...............................................................................5

*Lindquist v. Farmers Ins. Co. of Ariz.*,
    2008 WL 343299 (D. Ariz. 2008)..........................................................................5

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ............................................................................9, 11

*Nevis v. Wells Fargo Bank*,
    2007 WL 2601213 (N.D. Cal. Sept. 6, 2007) ....................................................9, 11

*Papoola v. MD-Individual Practice Ass'n*,
    230 F.R.D. 424 (D. Md. 2005)..............................................................................6

*Pierce v. Wells Fargo Bank*,
    2008 WL 2788092 (N.D. Cal. July 18, 2008)........................................................9

*Pugh v. Tribune Co.*,
    521 F.3d 686 (7th Cir. 2008) .................................................................................9

*Richardson v. Ramirez*,
    418 U.S. 24 (1974)...............................................................................................11

SFCA_1445593.9

*Sacks v. Office of Foreign Assets Control,*
    466 F.3d 764 (9th Cir. 2006) ...................................................................5

*Scharff v. Raytheon Company Short Term Disability Plan,*
    2007 WL 2947566 (C.D. Cal. 2007)........................................................9

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998)....................................................................................6

*Tosco Corp. v. Committees for a Better Environment,*
    236 F.3d 495 (9th Cir. 2001) ...................................................................5

*Warth v. Seldin,*
    422 U.S. 490 (1975)..................................................................................5

*Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold And*
    *Easement In The Cloverly Subterranean Geological Formation,*
    524 F.3d 1090 (9th Cir. 2008) .................................................................9

*Witt v. Department of Air Force,*
    527 F.3d 806 (9th Cir. 2008) ...................................................................5

**FEDERAL STATUTES**

29 U.S.C. § 1001, *et seq.*...........................................................................2

29 U.S.C. § 1132(a)(1)(B) ..................................................................*Passim*

**RULES**

Federal Rule of Civil Procedure 8(a)(2) ....................................................10

Federal Rule of Civil Procedure 12(b)(1) ......................................1, 4, 7, 13

Federal Rule of Civil Procedure 12(b)(6) ..............................1, 5, 7, 12, 13

Federal Rule of Civil Procedure 12(e) ............................................2, 12-13

Federal Rule of Civil Procedure 23 ...............................................5-6, 12

Fedearl Rule of Civil Procedure 8 ...................................................9-10

**CONSTITUTIONAL PROVISIONS**

Article III of the United States Constitution .....................................2, 4-6

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445593.9

**NOTICE OF MOTION**

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 25, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 1301 Clay Street, Oakland, California 94612, Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, PREMERA BLUE CROSS, BLUE CROSS AND BLUE SHIELD OF ALABAMA, ARKANSAS BLUE CROSS AND BLUE SHIELD, A MUTUAL INSURANCE COMPANY, BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, ANTHEM BLUE CROSS AND BLUE SHIELD, CAREFIRST, INC., BLUE CROSS BLUE SHIELD OF DELAWARE, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., HAWAII MEDICAL SERVICE ASSOCIATION, WELLMARK, INC., REGENCE BLUESHIELD OF IDAHO, INC., THE REGENCE GROUP, BLUE CROSS AND BLUE SHIELD OF LOUISIANA, BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., BCBSM FOUNDATION, BCBSM FOUNDATION, INC., BLUE CROSS AND BLUE SHIELD OF KANSAS, INC., BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, EMPIRE BLUECROSS BLUESHIELD[1], EXCELLUS BLUECROSS BLUESHIELD, CAPITAL BLUE CROSS, HIGHMARK BLUE CROSS BLUE SHIELD, HIGHMARK BLUE SHIELD, BLUE CROSS & BLUE SHIELD OF RHODE ISLAND, BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUECROSS BLUESHIELD OF TENNESSEE, INC., BLUE CROSS AND BLUE SHIELD OF VERMONT, MOUNTAIN STATE BLUE CROSS BLUE SHIELD, INC., and BLUE CROSS & BLUE SHIELD OF WYOMING (collectively referred to as "Defendants") will and do hereby move this Court to dismiss the action pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6) because plaintiff JAMES M. CADY's ("Plaintiff") Complaint fails to state a claim within the

---

[1] The correct name of this defendant is Empire HealthChoice Assurance, Inc.

1   subject matter jurisdiction of this Court and, in any event, upon which relief may be granted, on

2   the grounds that (i) Plaintiff lacks standing to assert claims under ERISA and Article III of the

3   Constitution; (ii) Plaintiff's Complaint fails to state a claim recognized by the Employee

4   Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*; (iii) Plaintiff's Complaint

5   fails to state sufficient facts to satisfy the pleading standard in *Bell Atlantic Corp. v. Twombly*,

6   550 U.S. --, 127 S. Ct. 1955 (2007); and (iv) Plaintiff cannot serve as an appropriate class

7   representative for one of the two purported sub-classes.  In the alternative, given the

8   exceptionally vague allegations contained in Plaintiff's Complaint, Defendants move under

9   FRCP 12(e) for a more definite statement.

10          This motion is based upon this Notice of Motion and Motion, the Memorandum

11  of Points and Authorities filed herewith, the pleadings and papers in support of and in opposition

12  to this motion, the pleadings and papers filed in the action, and the oral argument of counsel.

13              **MEMORANDUM OF POINTS AND AUTHORITIES**

14  **I.    INTRODUCTION**

15          Plaintiff's vague and indiscriminate Complaint fails for a variety of reasons.

16  Although Plaintiff seeks to sue forty-one (41)[2] separate health insurance companies, his

17  Complaint fails to allege that he has *any* connection or legal relationship with forty (40) of them;

18  accordingly, he lacks standing under ERISA and Article III to bring this case against all the

19  defendants but one.  Furthermore, Plaintiff fails to allege that any of the forty-one (41) plans –

20  including defendant BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY – acts as a

21  "plan administrator" under ERISA, a fundamental prerequisite to this Court's jurisdiction and to

22  an action under 29 U.S.C. § 1132(a)(1)(B).  Plaintiff's Complaint fails throughout to make

23  individualized allegations regarding the forty-one (41) disparate health insurers, but instead

24  improperly lumps them together as "defendants" in a classic "group pleading" that both this

25  Court and the Ninth Circuit have rejected.  And finally, Plaintiff seeks to represent a purported

26  sub-class of plaintiffs whose circumstances are directly opposite to his own.

27  _____

28          [2] Plaintiff originally sued forty-four (44) defendants, but has since dismissed three (3).

SFCA_1445593.9

1    Under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly* 550 U.S.

2    --, 127 S. Ct. 1955, 1965 (2007) ("*Twombly*"), a complaint's "factual allegations must be enough

3    to raise a right to relief above the speculative level…on the assumption that all the allegations in

4    the complaint are true (even if doubtful in fact)." In other words, the complaint must state

5    "enough facts to state a claim that is plausible on its face." *Id.* at 1965, 1974. Plaintiff's

6    Complaint in this matter fails the *Twombly* standard and the requirements of ERISA and

7    therefore should be dismissed.

8    **II.    FACTUAL BACKGROUND[3]**

9    **A.    Cady Is Enrolled With Blue Cross of California.**

10    Plaintiff James Cady "is a participant in a group health plan called the G.C.I.

11    Salaried PPO Plan (the "GCI Plan")." *See* Class Action Complaint Under ERISA (the

12    "Complaint") [Dkt. # 1 and 5], ¶ 49, p. 8. The GCI Plan is "sponsored by his employer Granite

13    Construction Incorporated ("Granite") and insured and administered by defendant [ANTHEM

14    BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY ("BC Life")]." *Id.* at ¶ 49,

15    p. 8. As Plaintiff alleges, "[t]he GCI Plan is governed by ERISA [and] Defendant BC Life is the

16    payer of all health insurance benefits provided under the GCI Plan. BC Life is a fiduciary under

17    the GCI Plan." *Id.* at ¶ 50, p. 8. Of note, Plaintiff does *not* allege that BC Life is the *plan*

18    *administrator* of the GCI Plan, nor does he allege that any of the other defendants are plan

19    administrators of ERISA plans within their own states.

20    **B.    Cady Sought RFA Treatment Which Was Denied After Appropriate**
      **Administrative Proceedings.**

21

22    Plaintiff is a 51-year-old man with a history of synovial sarcoma of the left radial

23    bone, which has metastasized to his lung. *Id.* at ¶ 60, p. 10. To treat the metastatic lung tumor,

24    certain of Plaintiff's doctors recommended Radiofrequency Ablation ("RFA") therapy – an

25    outpatient therapy in which a needle-electrode is placed into the tumor in an attempt to create

26

27    _____
      [3] The facts recited here are taken from the Plaintiff's complaint. They are assumed to be

28    true solely for the purposes of this Motion to Dismiss.

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445593.9

1  enough heat that cell death results in the tumor. *Id.* at ¶ 55, p. 9. Plaintiff sought insurance

2  coverage for the RFA therapy from the GCI Plan's insurer, BC Life. After review, BC Life

3  denied coverage on the ground that the use of this therapy for pulmonary tumors was still

4  "investigational," a position Plaintiff rejects. *Id.* at ¶ 61, p. 10.

5         Despite BC Life's denial of coverage, Plaintiff ultimately "underwent the RFA

6  treatment on May 9, 2007 at his own expense." *Id.* at ¶ 62, p. 11. Plaintiff alleges that he "has

7  exhausted all administrative remedies concerning his claim for approval and reimbursement of

8  this charge under the GCI Plan." *Id.* at ¶ 75, p. 13.

9       **C.    Cady Brings This Suit Against BC Life and A Host of Others Not Involved In
            His Treatment.**

10

11         Plaintiff brought this suit against BC Life based upon BC Life's alleged position

12  as the "insurer", "administrator", "payor" and/or "fiduciary" under the GCI Plan. *Id.* at

13  ¶¶ 49-50, p. 8. Plaintiff brought the suit against the remaining forty (40) defendants upon the

14  conclusory allegation that they are "licensed and admitted to sell group health insurance" and are

15  the "payors of all health insurance benefits" under various plans and are each a "fiduciary" under

16  such plans. *Id.* at ¶¶ 3-45, pp. 3-7 & ¶ 53, p. 9. Notably, Plaintiff does not allege *any* direct

17  relationship between himself and any defendant other than BC Life. Moreover, the only causes

18  of action asserted by Plaintiff are based upon an alleged violation of 29 U.S.C.

19  § 1132(a)(1)(B). *Id.* at ¶¶ 71-76, pp. 12-13.

20  **III.    DISCUSSION**

21       **A.    Plaintiff Lacks Standing To Assert A Claim Against Any Defendant Who Is
            Not In Privity With Him.**

22

23         Plaintiff's complaint should be dismissed against all defendants except BC Life

24  pursuant to FRCP 12(b)(1) because Plaintiff lacks standing to bring his claims. Plaintiff's

25  complaint is simply devoid of any allegations demonstrating a legal relationship between himself

26  and any of the remaining insurance plans. Under settled law, this failure of privity bars Plaintiff's

27  claims even though Plaintiff attempts to convert his individual claim into a putative class action.

28         Standing under Article III of the United States Constitution is a jurisdictional

prerequisite to any federal claim. *Gerlinger v. Amazon.com Inc., Borders Group, Inc.,* 526 F.3d 1253, 1255 (9th Cir. 2008). In a class action, this jurisdictional element must be satisfied prior to class certification,[4] *Lee v. State of Ore.*, 107 F.3d 1382, 1390 (9th Cir. 1997). If the named plaintiff fails to establish standing, he may not seek relief on his own behalf or on behalf of any other member of the purported class. *Id.* (citing *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974).) Plaintiff has the burden of proving that the Court has subject matter jurisdiction. *Tosco Corp. v. Committees for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).[5]

As a threshold matter under Article III, a plaintiff must show that the injury that he has allegedly suffered is "traceable to the challenged action of the defendant." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *see also Witt v. Department of Air Force*, 527 F.3d 806, 811-12 (9th Cir. 2008). Thus, to establish standing in a class action, for every named defendant, there must be at least one named plaintiff who can assert a claim directly against that defendant. *See Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004); *see also Warth v. Seldin*, 422 U.S. 490, 502 (1975) (named plaintiffs "must allege and show that they personally have been injured").

In the *Henry* case cited above, the named plaintiffs were security guards who brought a wage and hour class action against their employer, Mandalay Corp. The plaintiffs also named as defendants all of Mandalay Corp.'s subsidiaries, partnerships and joint ventures. *Henry*, 223 F.R.D. at 542. Following a detailed and thorough analysis of the law, the court held that because none of the named plaintiffs had any relationship with the defendants other than Mandalay Corp., the plaintiffs lacked standing to sue the other defendants. *Id.* at 544. Many

---

[4] The "juridical links" doctrine, arising out of the Ninth Circuit Court of Appeals' decision in *La Mar v. H & B Novelty & Loan Co.,* 489 F.2d 461 (9th Cir. 1973), applies, if at all, only to FRCP Rule 23 analysis, not to the jurisdictional issue of whether a named plaintiff has standing under Article III. *Lindquist v. Farmers Ins. Co. of Ariz.*, 2008 WL 343299, *9 n.6 (D. Ariz. 2008).

[5] The Ninth Circuit has also confirmed that a motion to dismiss under FRCP 12(b)(6) is appropriate where the complaint on its face establishes that the plaintiff lacks standing to bring the claims asserted. *See Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

other courts have followed suit.  *See, e.g., Lindquist v. Farmers Ins. Co. of Ariz.*, 2008 WL

343299, *9-*11 (D. Ariz. 2008) (holding that the named plaintiff did not have standing to bring

breach of contract claim against insurer defendants with whom he had no contract); *Aguilar v.*

*Allstate Fire and Casualty Insurance Co.*, 2007 WL 734809 (E.D. La. 2007) (plaintiff filed class

action for breach of contract and bad faith against numerous related Allstate insurance entities

alleging that they engaged in a "wrongful scheme to delay, deny or underpay claims"; held: that

the named plaintiff did not have standing to sue the Allstate entities with whom he had no

insurance policy); *Forsythe v. Sun Life Financial, Inc.*, 417 F. Supp. 2d 100 (D. Mass. 2006)

(plaintiffs who only owned shares in two of sixty-two affiliated mutual funds at issue purported

to assert claims against all sixty-two funds in the "MFS fund complex"; held: that the named

plaintiffs only had standing as to the two funds they owned shares in and that the juridical links

doctrine did not apply to standing).

Furthermore, the *Henry* court specifically explained that its holding was based on

the plaintiffs' threshold lack of standing – and was not a part of any FRCP Rule 23 analysis.

Instead, relying on the Supreme Court's holding in *Steel Co. v. Citizens for a Better Env't*, 523

U.S. 83, 93-101 (1998) (in which the Court held that federal courts may not assume Article III

jurisdiction to address merits questions), the court in *Henry* held that the Rule 23 issues could be

reached only after the jurisdictional requirements were satisfied.  *Henry*, 223 F.R.D. at 543-44;

*see also Papoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005) (holding that

the juridical links doctrine was only applicable in the context of Rule 23 requirements, as

opposed to standing analysis); *In re Eaton Vance Corp. Sec. Litig.*, 220 F.R.D. 162 (D. Mass.

2004) (same).

For similar reasons, Plaintiff also lacks standing under ERISA to sue any

defendant other than BC Life.  "[F]ederal courts lack subject matter jurisdiction if the plaintiff in

an action for benefits owed under an ERISA plan lacks standing to bring a civil suit enforcing

ERISA under 29 U.S.C. § 1132(a)(1)(B)."  *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1026

(9th Cir. 1995).  The Ninth Circuit has held that an ERISA plaintiff cannot maintain an action

against any plan under which he is neither a beneficiary nor participant and through which he has

6

SFCA_1445593.9

1    no fiduciary relationship.  *Id.* at 1027; *see also Hastings v. Wilson,* 2007 WL 333617 (D. Minn.

2    2007) ("Only a participant in, a fiduciary for, or a beneficiary of, an ERISA plan has standing to

3    sue under ERISA, and this Court has jurisdiction only over lawsuits brought by a member of one

4    of these groups."), *aff'd,* 516 F.3d 1055, 1060-61 (8th Cir. 2008).

5            In this case, Plaintiff's Complaint contains no allegation that Plaintiff is or was

6    insured or a participant under any policy or plan issued or administered by any entity other than

7    BC Life.  *See* Complaint [Dkt. # 1 and 5], ¶ 49.  By contrast, Plaintiff has not – and cannot –

8    allege that he has any relationship with any other defendant.  Accordingly, Plaintiff lacks

9    jurisdictional standing to assert any claims against any of the other defendants, and his

10   Complaint should be dismissed as to all defendants except BC Life.

         **B.    Under the *Everhart* Doctrine, Plaintiff Cannot Assert An ERISA Claim**
11              **Without Substantive Allegations That Identify The Defendants As Plan**
                **Administrators.**
12

13           Plaintiff's Complaint should also be dismissed under FRCP 12(b)(1) and (6)

14   against all defendants, including BC Life, because he has failed to allege a fundamental factual

15   prerequisite for the causes of action that he has brought; namely, that BC Life and the other

16   defendants are "*plan* administrators" under ERISA. Instead, Plaintiff's complaint variously

17   identifies defendants only as "insurers," "payors," "fiduciaries," or simply an "administrator" of

18   plans which are subject to ERISA.  *Id.* at ¶¶ 3-45 and ¶ 53, pp. 3-9.  Under settled law, these

19   allegations are insufficient to state a claim under 29 U.S.C. § 1132(a)(1)(B) .

20           This issue now before this Court was addressed directly in the Ninth Circuit's

21   decision in *Everhart v. Allmerica Financial Life Insurance Company*, 275 F.3d 751 (9th Cir.

22   2001). There, the court held:

23           We find no reason to depart from the established precedent of this
             circuit, and of every other circuit that has expressly considered the
24           issue, that § 1132(a)(1)(B) does not permit suits against a third-
             party insurer to recover benefits when the insurer is not functioning
25           as the plan administrator.

26   *Id.* at 756.

27           Four years later, in *Ford v. MCI Communications Corporation Health And*

28   *Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005), the Ninth Circuit detailed its position further:

7

1
2
3
4
5
6
7
8
9

> ERISA authorizes actions to recover benefits against the Plan as an entity, 29 U.S.C. § 1132(d)(1), and against the Plan's administrator. *See*, 29 U.S.C. § 1132(a)(1)(B); *see also Everhart,* 275 F.3d at 754. In *Everhart,* the claimant sued the insurance company that served as the *claims administrator. Id.* At 752-754 …We concluded that "[u]nder either *Gelardi* or *Taft* and their respective progeny, [the claimant] may not sue the plan's *insurer* for additional ERISA plan benefits. *Id.* (emphasis in the original).
>
> * * *
>
> [W]e explicitly rejected the argument that an insurer who 'controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed' could be sued under § 1132(a)(1)(B). *See, [Everhart]* at p. 759 (Reinhart, J. dissenting).

10  *Id.* at 1081-82.

11          Plaintiff's use of the undefined term "administrator" (in reference to BC Life) is

12  insufficient to get them past these Ninth Circuit requirements. As the cases make clear, causes of

13  action under section 1132(a)(1)(B) can only be brought against the *plan* administrator, not the

14  *claims* administrator. *Everhart*, 275 F.3d at 756; *see also Alvarez v. Unum Life Ins. Co.,* 2007

15  WL 2348737 at *6 (N.D. Cal. 2007). Here, Plaintiff has failed to alleged that any defendant is a

16  plan administrator. Accordingly, the Complaint should be dismissed in its entirety.

17          **C.    Plaintiff's Complaint Fails To State A Cause of Action Under The *Twombly***

18                  **Standard.**

19          Plaintiff's Complaint fails for yet a third reason: his failure to allege facts

20  concerning each defendant with sufficient specificity to state a claim under the Supreme Court's

21  recent *Twombly* decision. In *Twombly,* the Supreme Court held that, in order to survive a motion

22  to dismiss, "factual allegations must be enough to raise a right to relief above the speculative

23  level." *Twombly,* 127 S. Ct. at 1965. In doing so, the Supreme Court explicitly "retired" the

24  fifty-year old statement from *Conley v. Gibson*, 355 U.S. 41, 45 (1957) that dismissal is only

25  appropriate when there is "no set of facts" under which plaintiff could prevail. *Twombly,* 127 S.

26  Ct. at 1969.[6] Instead, the Supreme Court held that, in order to survive a motion to dismiss, a

27  ――――――――――――

28          [6] Although *Twombly* was decided in the antitrust context, the Ninth Circuit has applied the *Twombly* standard broadly. *See, e.g., Clemens v. Daimlerchrysler Corp.*, __F.3d __, 2008

1   plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at

2   1974.

3          In discussing the allegations necessary to state a claim, the Supreme Court

4   cautioned that "a plaintiff's obligation to provide the grounds of this entitlement to relief requires

5   more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

6   will not do." *Id.* at 1965 (citations omitted).  The Supreme Court issued this warning because it

7   recognized that, even under Rule 8, "a district court must retain the power to insist upon some

8   specificity in pleading before allowing a potentially massive factual controversy to proceed." *Id.*

9   at 1967.

10         **1.     Plaintiff's Allegations Are Improperly Asserted Against The Named**
           **Defendants As A Group And Fail To Assert Facts Specific To Each**
11         **Defendant.**

12         In his Complaint, rather than making individual allegations against each of the

13  insurers he has sued, Plaintiff has asserted vague and undifferentiated claims that generally name

14  only "the defendants."  *See* Complaint [Dkt. # 1 and 5], ¶ 2-45, 46.  Doing so, however, fails to

15  state a claim against any single "defendant."  *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th

16  Cir. 1996) ("Given the number and diversity of named defendants and the breadth of the

17  allegations, claims which vaguely refer to 'defendants' or 'other responsible authorities' will not

18  suffice."); *see also Nevis v. Wells Fargo Bank*, 2007 WL 2601213 at *6 (N.D. Cal. 2007) ("The

19  court notes that plaintiff has made no attempt in her complaint to set forth specific facts as to

20  Gateway, lumping it together with other defendants. As to some of those defendants there are

21  specific facts alleged, but that is not sufficient to state claims against another defendant, in this

22  _____

23  WL 2840662 at *2 (9th Cir. July 24, 2008); *Williston Basin Interstate Pipeline Co. v. An*
    *Exclusive Gas Storage Leasehold And Easement In The Cloverly Subterranean Geological*
24  *Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008); *Nevis v. Wells Fargo Bank*, 2007 WL 2601213
    at *2 (N.D. Cal. Sept. 6, 2007).  While the Ninth Circuit has not yet addressed *Twombly's*
25  applicability to ERISA cases, District Courts in California have done so, and have applied the
    standard.  *See, e.g., Pierce v. Wells Fargo Bank*, 2008 WL 2788092 at *4 (N.D. Cal. July 18,
26  2008); *A.C. Steelman v. Prudential Ins. Co. of America*, 2007 WL 2009805 at *6 (E.D. Cal.
    2007); *Scharff v. Raytheon Company Short Term Disability Plan*, 2007 WL 2947566 at *4 (C.D.
27  Cal. 2007).  Other Circuit courts have done so as well.  *See, e.g., Pugh v. Tribune Co.*, 521 F.3d
    686, 699 (7th Cir. 2008); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519-20 (6th Cir.
28  2008).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

1   case Gateway."); *Aaron v. Aguirre*, 2007 WL 959083 at *16 n.6 (S.D. Cal. 2007)

2   ("undifferentiated pleading against multiple defendants is improper."); *Brennan v. Concord EFS,*

3   *Inc.*, 369 F. Supp. 2d 1127, 1136 (N.D. Cal. 2005) (discussing the "minimum threshold of

4   defendant-by-defendant specificity that a plaintiff must meet" under Rule 8); *Gen-Probe, Inc. v.*

5   *Amoco Corp.*, 926 F. Supp. 948, 961-62 (S.D. Cal. 1996) ("Defendants may be accused of a

6   violation only by supporting allegations that specifically refer to that defendant."); *A.B. Gauvin*

7   *v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) ("Plaintiff must allege the basis of his

8   claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a

9   short and plain statement of the claim to put defendants on sufficient notice of the allegations

10  against them.").  Indeed, as Judge Breyer observed in another ERISA case:

11  > Here, plaintiffs have lumped the various classes of defendants into
    > an undifferentiated mass and alleged that all of them violated all of
12  > the asserted fiduciary duties.  The resulting cause of action is so
    > general that it fails to put the various defendants on notice of the
13  > allegations against them.

14  *In re Providian Financial Corp. ERISA Litigation*, 2002 WL 31785044 at *1 (N.D. Cal. 2002).

15          Especially in a case like this, each defendant has the right to know what claims

16  are being made against it.  For example, Plaintiff alleges that "BC Life is a fiduciary under the

17  GCI plan."  *See* Complaint [Dkt. # 1 and 5], at ¶ 50.  Not only is this allegation insufficient

18  against BC Life (for the reasons stated in the section immediately preceding), but Plaintiff

19  thereafter fails to allege whether any of the other forty (40) defendants is a fiduciary, and if so, of

20  which kind.  Plaintiff therefore fails to state a claim against those forty (40) defendants, since he

21  has offered only "labels and conclusions, and a formulaic recitation of the elements of a cause of

22  action."  *Twombly*, 127 S. Ct. at 1965.

23          **2.      There Are No Allegations That Plaintiff Made A Claim To And/Or**
                      **Was Rejected by Defendants (Except BC Life).**
24

25          The centerpiece of Plaintiff's complaint is his allegation that he

26  > is informed and believes, and therefore alleges, that every other
    > defendant has prospectively declined approval for coverage of
27  > RFA for pulmonary tumors not exceeding 7 cm in diameter under
    > its Blue Cross Plan, or has denied coverage under its Blue Cross
28  > Plan for the expense of RFA after an insured pulmonary cancer
    > patient whose tumors do not exceed 7 cm in diameter has already

                                        10

1

2

3

> undergone the procedure, or has declared publicly that it will not pay for RFA under its Blue Cross Plan for pulmonary cancers with tumors not exceeding 7 cm in diameter, or has done all or some of the foregoing.

4

Complaint [Dkt. # 1 and 5], at ¶ 58.

5

6

7

8

9

10

11

12

13

14

Here again, Plaintiff fails to inform each defendant what it allegedly did. Indeed, Plaintiff fails to assert the most basic allegation to support his Complaint – that he made a claim to each of the defendants that was rejected. Plaintiff's failure to do so is not surprising, since some of the defendants have never had (let alone denied) a claim for RFA of a lung tumor. This is precisely why Plaintiff cannot, under the applicable standards, use vague pleadings as to what "the defendants" allegedly did to state a claim against forty-one (41) separate parties. *See McHenry,* 84 F.3d at 1175 and 1179; *see also Nevis*, 2007 WL 2601213 at *6; *Aaron*, 2007 WL 959083 at *16 n.6; *In re Providian*, 2002 WL 31785044 at *1; *Gen-Probe*, 926 F. Supp. at 962; *Gauvin*, 682 F. Supp. at 1071. Plaintiff's complaint therefore fails to state a claim, and should be dismissed.

15

16

> ### 3.     Plaintiff's Complaint Fails To Name An Individual Representative For All Purported Sub-Classes Asserted.

17

18

19

20

21

22

23

Even if Plaintiff had properly stated a claim against all defendants, his attempt to represent multiple "sub-classes" – only one of which he could potentially be a member – must fail. Plaintiff admits that, despite being refused coverage for RFA, he nevertheless received the treatment and now seeks reimbursement. *See* Complaint [Dkt. # 1 and 5], ¶ 62, p. 11, ¶ 75, p. 13. On this basis, he asserts there exists a "Treated Sub-Class." *Id.* Yet Plaintiff seeks to be named as the class representative for those individuals who *never* received treatment (the "Untreated Sub-Class"). Under settled law, Plaintiff cannot serve in that role.

24

25

> *a.     Plaintiff's Complaint Fails To Name An Individual Representative For the Purported Sub-Class of Claimants Who Requested RFA And Never Received It.*

26

27

28

Plaintiff's Complaint identifies only Plaintiff as a named representative plaintiff. *See* Complaint [Dkt. # 1 and 5]. The Supreme Court, however, has repeatedly held that standing to bring a class action is restricted to the "*actual* members of the class." *See Richardson v.*

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445593.9

1  *Ramirez,* 418 U.S. 24, 64 n.8 (1974) (citing *O'Shea,* 414 U.S. at 488) [emphasis added]; *see also*

2  *Bailey et al. v. Patterson*, 369 U.S. 31, 32-33 (1962) ("[Plaintiffs] cannot represent a class of

3  whom they are not a part."). As this Court noted in a similar situation,

4          A prerequisite of class actions under FRCP 23(a)(3) is that "the
           claims or defenses of the representative parties are typical of the
5          claims of defenses of the class." Plaintiff … lacks standing for the
           first, second, and fifth claims and therefore does not meet the
6          typicality requirement. Because the class has yet to be certified,
           the class action cannot be pursued as to these claims. *See Sosna v.*
7          *Iowa,* 419 U.S. 393, 414 (1975).

8  *Kurtcu v. U.S. Parking Inc.*, 2008 WL 2445080 (N.D. Cal. 2008).

9          Thus, while Plaintiff might have acted as the potential class representative of the

10 "Treated Sub-Class" (that is, if he had otherwise stated a viable claim), he is not a member of the

11 "Untreated Sub-Class" and therefore cannot act as its representative. Under any circumstances,

12 this aspect of the Plaintiff's Complaint must be dismissed.

13              b.      *Plaintiff's Complaint As Alleged Cannot Support A Class Action*
                        *Claim Given The Diversity of the Defendants And Their Plans and*
14                      *Policies.*

15         Finally, Plaintiff's Complaint asserts claims against forty-one (41) different

16 entities, each of which is located in a different state, has received and dealt with different types

17 of claims, and has independent plans, policies and procedures. *See* Complaint [Dkt. # 1 and 5].

18 Moreover, as noted above, Plaintiff does not have a relationship with forty (40) of the forty-one

19 (41) defendants. Given these circumstances, there is little, if any, likelihood that Plaintiff could

20 meet the standards required of class actions under FRCP 23 (including numerosity, typicality and

21 commonality). For this reason as well, Plaintiff's Complaint should be dismissed.

22              c.      *Plaintiff's Complaint Should Be Dismissed Under FRCP 12(e).*

23         As the above sections make clear, Plaintiff's Complaint should be dismissed

24 under FRCP 12(b)(6) for failure to state a claim. At a minimum, however, the allegations

25 contained in Plaintiff's Complaint are so vague and ambiguous as to each defendant that the

26 defendants cannot reasonably prepare a response. Given that Plaintiff has failed to assert how

27 each defendant has acted to harm him, Plaintiff should (at the very least) be required to provide a

28 more definite statement (*i.e.,* provide additional allegations outlining the specific claims as to

12

SFCA_1445593.9

1  each individual defendant).  Thus, if this Court should determine that it cannot dismiss the

2  Plaintiff's complaint under FRCP 12(b)(1) or (6), it should in the alternative grant the present

3  motion for a more definite statement under FRCP 12(e).

4  **IV.    CONCLUSION**

5          For the foregoing reasons, Defendants seek an order from this Court dismissing

6  the Plaintiff's complaint in its entirety with prejudice.

7  DATED: AUGUST 15, 2008                    **FOLEY & LARDNER LLP**

8

9

10                              BY:  /S/ MICHAEL J. TUTEUR
                                     MICHAEL J. TUTEUR (ADMITTED *PRO HAC VICE*)
                                     EILEEN R. RIDLEY
11                                   DEFENDANTS ANTHEM BLUE CROSS LIFE AND
                                     HEALTH INSURANCE COMPANY, A CALIFORNIA
12                                   CORPORATION; ANTHEM BLUE CROSS AND BLUE
                                     SHIELD, AN INDIANA CORPORATION; BLUE CROSS
13                                   AND BLUE SHIELD OF GEORGIA, INC., A GEORGIA
                                     CORPORATION; AND EMPIRE HEALTHCHOICE
14                                   ASSURANCE, INC., A NEW YORK CORPORATION

15  DATED: AUGUST 15, 2008                    **FOLEY & LARDNER LLP**

16

17

18                              BY:  /S/ PATRICK T. WONG
                                     JACQUELINE M. SAUE (*PRO HAC VICE* APPLICATION
19                                   PENDING)
                                     EILEEN R. RIDLEY
20                                   MICHAEL A. NARANJO
                                     PATRICK T. WONG
21                                   DEFENDANTS ARKANSAS BLUE CROSS AND BLUE
                                     SHIELD, A MUTUAL INSURANCE COMPANY, AN
22                                   ARKANSAS CORPORATION; BLUE CROSS AND BLUE
                                     SHIELD OF KANSAS, INC., A KANSAS
23                                   CORPORATION; AND CAPITAL BLUE CROSS, A
                                     PENNSYLVANIA CORPORATION

24

25

26

27                              _____

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445593.9

1    DATED:  AUGUST 15, 2008                    **MESERVE, MUMPER & HUGHES LLP**

2

3

4                                   BY: /S/ RUSSELL G. GOMM
                                        WILLIAM VON BEHREN
5                                       SIMON MANOUCHERIAN
                                        RUSSELL G. GOMM
6                                       MESERVE, MUMPER & HUGHES LLP
                                        300 SOUTH GRAND AVE., STE. 2400
7                                       LOS ANGELES, CA 90071
                                        T:  213.620.0300
8                                       F:  213.625.1930

9                                       DEFENDANTS BLUE CROSS AND BLUE SHIELD OF
                                        ALABAMA, AN ALABAMA CORPORATION; BLUE
10                                      CROSS BLUE SHIELD OF DELAWARE, A
                                        DELAWARE CORPORATION; EXCELLUS BLUECROSS
11                                      BLUESHIELD, A NEW YORK CORPORATION; BLUE
                                        CROSS AND BLUE SHIELD OF FLORIDA, INC., A
12                                      FLORIDA CORPORATION; BLUE SHIELD OF
                                        CALIFORNIA LIFE & HEALTH INSURANCE
13                                      COMPANY, A CALIFORNIA CORPORATION; HAWAII
                                        MEDICAL SERVICE ASSOCIATION, A HAWAII
14                                      CORPORATION; HIGHMARK BLUE CROSS BLUE
                                        SHIELD, A PENNSYLVANIA CORPORATION;
15                                      HIGHMARK BLUE SHIELD, A PENNSYLVANIA
                                        CORPORATION; BLUE CROSS AND BLUE SHIELD
16                                      OF LOUISIANA, A LOUISIANA CORPORATION; BLUE
                                        CROSS AND BLUE SHIELD OF MASSACHUSETTS,
17                                      INC., A MASSACHUSETTS CORPORATION; BCBSM
                                        FOUNDATION, A MICHIGAN CORPORATION; BCBSM
18                                      FOUNDATION, INC., A MINNESOTA CORPORATION;
                                        BLUE CROSS AND BLUE SHIELD OF MONTANA,
19                                      INC., A MONTANA CORPORATION; BLUE CROSS AND
                                        BLUE SHIELD OF NORTH CAROLINA, A NORTH
20                                      CAROLINA CORPORATION; PREMERA BLUE CROSS,
                                        A WASHINGTON CORPORATION; BLUE CROSS AND
21                                      BLUE SHIELD OF SOUTH CAROLINA, A SOUTH
                                        CAROLINA CORPORATION; BLUECROSS
22                                      BLUESHIELD OF TENNESSEE, INC., A TENNESSEE
                                        CORPORATION; REGENCE BLUESHIELD OF IDAHO,
23                                      AN IDAHO CORPORATION; THE REGENCE GROUP,
                                        AN OREGON CORPORATION; BLUE CROSS AND
24                                      BLUE SHIELD OF VERMONT, A VERMONT
                                        CORPORATION; BLUE CROSS & BLUE SHIELD OF
25                                      MISSISSIPPI, A MISSISSIPPI CORPORATION; BLUE
                                        CROSS & BLUE SHIELD OF RHODE ISLAND, A
26                                      RHODE ISLAND CORPORATION; WELLMARK, INC.,
                                        AN IOWA CORPORATION; MOUNTAIN STATE BLUE
27                                      CROSS AND BLUE SHIELD, INC., A WEST VIRGINIA
                                        CORPORATION; AND CAREFIRST, INC., A MARYLAND
28                                      CORPORATION

                                        14
                 DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
                                 CASE NO.: CV 08-2753-CW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JAMES M. CADY, AN INDIVIDUAL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | CASE NO.: CV 08-2753 CW |
| PLAINTIFF, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT** |
| v. | **[FRCP 12(b)(1), 12(b)(6)]** |
| ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, A CALIFORNIA CORPORATION; PREMERA BLUE CROSS, AN ALASKA CORPORATION; BLUE CROSS AND BLUE SHIELD OF ALABAMA, AN ALABAMA CORPORATION; ARKANSAS BLUE CROSS AND BLUE SHIELD, AN ARKANSAS CORPORATION; BLUE CROSS AND BLUE SHIELD OF ARIZONA, INC., AN ARIZONA CORPORATION; BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY, A CALIFORNIA CORPORATION; ANTHEM BLUE CROSS AND BLUE SHIELD, AN INDIANA CORPORATION; CAREFIRST, INC., A MARYLAND CORPORATION; BLUE CROSS BLUE SHIELD OF DELAWARE, A DELAWARE CORPORATION; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., A FLORIDA CORPORATION; BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., A GEORGIA CORPORATION; HAWAII MEDICAL SERVICE ASSOCIATION, A HAWAII CORPORATION; WELLMARK, INC., AN IOWA CORPORATION; BLUE CROSS OF IDAHO, INC., AN IDAHO CORPORATION; REGENCE BLUESHIELD OF IDAHO, INC., AN IDAHO CORPORATION; THE REGENCE GROUP, AN OREGON CORPORATION; BLUE CROSS AND BLUE | DATE:  SEPTEMBER 25, 2008<br>TIME:  2:00 P.M.<br>DEPT.:  COURTROOM 2, 4TH FLOOR<br><br>JUDGE:  HON. CLAUDIA WILKEN |

SFCA_1445654.4

SHIELD OF KANSAS, INC., A KANSAS        )
CORPORATION; BLUE CROSS AND BLUE        )
SHIELD OF LOUISIANA, A LOUISIANA        )
CORPORATION; BLUE CROSS AND BLUE        )
SHIELD OF MASSACHUSETTS, INC., A        )
MASSACHUSETTS CORPORATION; BCBSM        )
FOUNDATION, A MICHIGAN CORPORATION;     )
BCBSM FOUNDATION, INC., A MINNESOTA     )
CORPORATION; BLUE CROSS AND BLUE        )
SHIELD OF KANSAS CITY, A MISSOURI       )
CORPORATION; BLUE CROSS & BLUE          )
SHIELD OF MISSISSIPPI, A MISSISSIPPI    )
CORPORATION; BLUE CROSS AND BLUE        )
SHIELD OF MONTANA, INC., A MONTANA      )
CORPORATION; BLUE CROSS AND BLUE        )
SHIELD OF NORTH CAROLINA, A NORTH       )
Carolina Corporation; BLUE CROSS BLUE)
SHIELD OF NORTH DAKOTA, A NORTH         )
DAKOTA CORPORATION; BLUE CROSS AND      )
BLUE SHIELD OF NEBRASKA, A NEBRASKA )
CORPORATION; BLUECROSS BLUESHIELD       )
OF WESTERN NEW YORK, A NEW YORK         )
CORPORATION; BLUE SHIELD OF             )
NORTHEASTERN NEW YORK, A NEW YORK )
CORPORATION; EMPIRE BLUECROSS           )
BLUESHIELD, A NEW YORK CORPORATION;     )
EXCELLUS BLUECROSS BLUESHIELD, A        )
NEW YORK CORPORATION; CAPITAL BLUE      )
CROSS, A PENNSYLVANIA CORPORATION;      )
HIGHMARK BLUE CROSS BLUE SHIELD, A)
PENNSYLVANIA CORPORATION; HIGHMARK      )
BLUE SHIELD, A PENNSYLVANIA             )
CORPORATION; BLUE CROSS & BLUE          )
SHIELD OF RHODE ISLAND, A RHODE         )
ISLAND CORPORATION; BLUE CROSS AND      )
BLUE SHIELD OF SOUTH CAROLINA, A        )
SOUTH CAROLINA CORPORATION; BLUECROSS)
BLUESHIELD OF TENNESSEE, INC., A        )
TENNESSEE CORPORATION; BLUE CROSS AND )
BLUE SHIELD OF VERMONT, A VERMONT       )
CORPORATION; MOUNTAIN STATE BLUE        )
CROSS BLUE SHIELD, INC., A WEST         )
VIRGINIA CORPORATION; BLUE CROSS &      )
BLUE SHIELD OF WYOMING, A WYOMING       )
CORPORATION.                            )
                                        )
        DEFENDANTS.                     )
                                        )
                                        )
                                        )
                                        )
_____)

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445654.4

1    The Motion by Defendants ANTHEM BLUE CROSS LIFE AND HEALTH

2    INSURANCE COMPANY, PREMERA BLUE CROSS, BLUE CROSS AND BLUE SHIELD

3    OF ALABAMA, ARKANSAS BLUE CROSS AND BLUE SHIELD, A MUTUAL

4    INSURANCE COMPANY, BLUE SHIELD OF CALIFORNIA LIFE & HEALTH

5    INSURANCE COMPANY, ANTHEM BLUE CROSS AND BLUE SHIELD, CAREFIRST,

6    INC., BLUE CROSS BLUE SHIELD OF DELAWARE, BLUE CROSS AND BLUE SHIELD

7    OF FLORIDA, INC., BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC., HAWAII

8    MEDICAL SERVICE ASSOCIATION, WELLMARK, INC., REGENCE BLUESHIELD OF

9    IDAHO, INC., THE REGENCE GROUP, BLUE CROSS AND BLUE SHIELD OF

10   LOUISIANA, BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC., BCBSM

11   FOUNDATION, BCBSM FOUNDATION, INC., BLUE CROSS AND BLUE SHIELD OF

12   KANSAS, INC., BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, BLUE CROSS AND

13   BLUE SHIELD OF MONTANA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH

14   CAROLINA, EMPIRE BLUECROSS BLUESHIELD[1], EXCELLUS BLUECROSS

15   BLUESHIELD, CAPITAL BLUE CROSS, HIGHMARK BLUE CROSS BLUE SHIELD,

16   HIGHMARK BLUE SHIELD, BLUE CROSS & BLUE SHIELD OF RHODE ISLAND, BLUE

17   CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUECROSS BLUESHIELD OF

18   TENNESSEE, INC., BLUE CROSS AND BLUE SHIELD OF VERMONT, MOUNTAIN

19   STATE BLUE CROSS BLUE SHIELD, INC., and BLUE CROSS & BLUE SHIELD OF

20   WYOMING (individually and collectively referred to as "Defendant(s)") to dismiss the action

21   pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), on the basis that plaintiff JAMES

22   M. CADY's ("Plaintiff") complaint fails to state a claim within the subject matter jurisdiction of

23   this Court and, in any event,  upon which relief may be granted, came on regularly for hearing on

24   September 25, 2008, at 2:00 p.m., in Courtroom 2 of the above-captioned Court.

25           The Court, having considered the pleadings in this matter, and all papers

26   submitted in support of, and in opposition to, said Motion to Dismiss the Plaintiff's Complaint,

27   

28   

[1] The correct name of this defendant is Empire HealthChoice Assurance, Inc.

3

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445654.4

among other things, and good cause appearing therefor, finds as follows:

(1)    Plaintiff alleges in his Complaint that he "is a participant in a group health plan called the G.C.I. Salaried PPO Plan (the "GCI Plan");

(2)    Plaintiff alleges in his Complaint that the GCI Plan is "sponsored by his employer Granite Construction Incorporated and insured and administered by Defendant [ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY ("BC Life")]";

(3)    Plaintiff does not allege in his Complaint that BC Life is the plan administrator of the GCI Plan, nor does he allege that any of the other Defendants are plan administrators of ERISA plans within their own states;

(4)    Plaintiff brought suit against BC Life based upon BC Life's alleged position as the "insurer", "administrator", "payor" and/or "fiduciary" under the GCI Plan;

(5)    Despite not having alleged in his Complaint any direct relationship between himself and any Defendants other than BC Life, Plaintiff brought the suit against the remaining forty (40) Defendants nonetheless upon the allegation that they are "licensed and admitted to sell group health insurance" and are the "payors of all health insurance benefits" under various plans and are each a "fiduciary" under such plans;

(6)    Plaintiff's Complaint contains no allegation that Plaintiff is or was insured under any policy or plan issued or administered by any entity other than BC Life;

(7)    The only cause of action asserted by Plaintiff against all the Defendants is based upon an alleged violation of 29 U.S.C. § 1132(a)(1)(B);

(8)    Plaintiff's Complaint fails to allege a fundamental factual prerequisite for the causes of action that he has brought; namely, that BC Life and the other Defendants are "plan administrators" under ERISA; instead, Plaintiff's Complaint variously identifies Defendants only as "insurers," "payors," "fiduciaries," or simply an "administrator" of plans which are subject to ERISA;

(9)    Plaintiff's Complaint does not make individual allegations against each of the insurers he has sued; rather, Plaintiff has asserted vague and undifferentiated claims that generally name only "the defendants";

4

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

1        (10)    Plaintiff's Complaint does not allege that he made a claim to each of the

2    Defendants under each Defendants' policy (apart from BC Life) that was rejected;

3        (11)    Plaintiff admits in his Complaint that, despite being refused coverage for

4    RFA, he nevertheless received the treatment and now seeks reimbursement (the "Treated Sub-

5    Class"). He seeks to be named as the class representative for the "Treated Sub-Class";

6        (12)    Plaintiff seeks to also be named as the class representative for those

7    individuals who never received treatment (the "Untreated Sub-Class");

8        (13)    While Plaintiff might have acted as the potential class representative of the

9    "Treated Sub-Class" (that is, if he had otherwise stated a viable claim), he is not a member of the

10   "Untreated Sub-Class" and therefore cannot act as its representative;

11       (14)    Plaintiff does not have a relationship with forty (40) of the forty-one (41)

12   Defendants; and

13       (15)    The allegations contained in Plaintiff's Complaint are so vague and

14   ambiguous as to each Defendant that Defendants cannot reasonably prepare a response.

15                                 ***

16       Based on the foregoing, and good cause appearing therefor, the Court orders as

17   follows:

18       **IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure

19   12(b)(1) and 12(b)(6), the Defendants' Motion To Dismiss is **GRANTED** without leave to

20   amend as to all Defendants.

21       Plaintiff lacks standing to assert a claims against any of the Defendants.

22   Plaintiff's Complaint makes no allegation demonstrating a legal relationship between himself

23   and any of the Defendants, except BC Life. Standing under Article III of the United States

24   Constitutional is a jurisdictional prerequisite to any federal claim. *Gerlinger v. Amazon.com*

25   *Inc., Borders Group, Inc.,* 526 F.3d 1253, 1255 (9th Cir. 2008). If the named plaintiff fails to

26   establish standing, he may not seek relief on his own behalf or on behalf of any other member of

27   the purported class. *Lee v. State of Ore.*, 107 F.3d 1382, 1390 (9th Cir. 1997). Additionally,

28   Plaintiff has the burden of proving that the Court has subject matter jurisdiction. *Tosco Corp. v.*

SFCA_1445654.4

*Committees for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Here, Plaintiff fails to properly allege in his Complaint any fact establishing a legal relationship between himself and Defendants, except BC Life. Plaintiff's Complaint contains no allegation that Plaintiff is or was insured under any policy or plan issued or administered by any entity other than BC Life. For this reason, Plaintiff lacks standing under ERISA to sue any defendant other than BC Life because "federal courts lack subject matter jurisdiction if the plaintiff in an action for benefits owed under an ERISA plan lacks standing to bring a civil suit enforcing ERISA under 29 U.S.C. § 1132(a)(1)(B)." *Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1026 (9th Cir. 1995). An ERISA plaintiff cannot maintain an action against any plan under which he is neither a beneficiary nor participant and through which he has no fiduciary relationship. *Id.* at 1027. Under such circumstance, a motion to dismiss under FRCP 12(b)(1) and (6) is appropriate where the complaint on its face establishes that Plaintiff lacks standing to bring the claims asserted. *See Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006); *Curtis*, 53 F.3d at 1026.

Plaintiff cannot assert an ERISA claim without any allegations in his Complaint that identify the Defendants as Plan Administrators. *See Everhart v. Allmerica Financial Life Insurance Company*, 275 F.3d 751 (9th Cir. 2001). Plaintiff's use of the undefined term "administrator" (in reference to BC Life) in his Complaint is insufficient under the *Everhart* standard; thus, Plaintiff's Complaint should also be dismissed under FRCP 12(b)(1) and (6). *Everhart* requires that a complaint brought under 29 U.S.C. section 1132(a)(1)(B) can only be brought against the plan administrator, not the claims administrator.

Plaintiff's Complaint fails to allege facts concerning each Defendant with sufficient specificity to state a claim under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. --, 127 S. Ct. 1955 (2007). Under *Twombly*, which states that "a plaintiff's obligation to provide the grounds of this entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff's Complaint fails to assert facts specific to each of the named Defendants. In his Complaint, rather than making individual allegations against each of the insurer Defendants he

6

SFCA_1445654.4

1    has sued, Plaintiff has asserted vague and undifferentiated claims that generally name only "the

2    defendants."  Doing so, however, fails to state a claim against any single "defendant."

3            Plaintiff's Complaint fails to allege that Plaintiff made a claim to each of the

4    Defendants, except BC Life, that was then subsequently rejected.  Plaintiff's Complaint fails to

5    allege that Defendants have ever had and denied a claim for RFA (Radiofrequency Ablation) of a

6    lung tumor, much less that the Defendants denied Plaintiff's own submitted claim.  Plaintiff's

7    Complaint, therefore, fails to properly state a claim for which relief may be sought.  *See*

8    *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996); *Nevis,* 2007 WL 2601213 at *6; *Aaron v.*

9    *Aguirre*, 2007 WL 959083 at *16 n.6 (S.D. Cal. 2007); *Brennan v. Concord EFS, Inc.*, 369 F.

10   Supp. 2d 1127, 1136 (N.D. Cal. 2005); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 961-

11   62 (S.D. Cal. 1996); *A.B. Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

12           Plaintiff's Complaint fails to have an individual representative for all purported

13   sub-classes.  As a threshold matter, Plaintiff's Complaint identifies only Plaintiff as a named

14   representative plaintiff.  Yet, Plaintiff seeks to be named as a class representative of a sub-class

15   to which he does not belong.  Specifically, Plaintiff's Complaint alleges that despite being

16   refused coverage for RFA, Plaintiff nevertheless received the treatment and now seeks

17   reimbursement (the "Treated Sub-Class").  However, Plaintiff seeks also to be named as the class

18   representative for those individuals who *never* received treatment (the "Untreated Sub-Class").

19   Under settled law, Plaintiff cannot serve in that role.  Standing to bring a class action is restricted

20   to the "*actual* members of the class."  *See Richardson v. Ramirez,* 418 U.S. 24, 64 n.8 (1974);

21   *see also Bailey et al. v. Patterson*, 369 U.S. 31, 32-33 (1962); *Kurtcu v. U.S. Parking Inc.*, 2008

22   WL 2445080 (N.D. Cal. 2008).  Thus, while Plaintiff might have acted as the potential class

23   representative of the "Treated Sub-Class" (that is, if he had otherwise stated a viable claim), he is

24   not a member of the "Untreated Sub-Class" and therefore cannot act as its representative.

25           Based on all the foregoing, Plaintiff's Complaint fails to state a claim upon which

26   relief can be granted against all the Defendants and, therefore, Defendants' Motion to Dismiss is

27   **GRANTED** in its entirety without leave to amend.

28   *///*

7

SFCA_1445654.4

1    Plaintiff's Complaint is dismissed with prejudice.

2        **IT IS SO ORDERED.**

3
DATE:
4
5                                            BY: _____
6                                                HONORABLE CLAUDIA WILKEN
                                                 UNITED STATES DISTRICT COURT JUDGE
7
                        **\*\*\* END OF ORDER \*\*\***
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
CASE NO.: CV 08-2753-CW

SFCA_1445654.4