1  Kathleen Taylor Sooy (admitted *pro hac vice*)
      ksooy@crowell.com
2  Tracy A. Roman (admitted *pro hac vice*)
      troman@crowell.com
3  Andrew D. Kaplan (admitted *pro hac vice*)
      akaplan@crowell.com
4  CROWELL & MORING LLP
   1001 Pennsylvania Ave., N.W.
5  Washington, D.C. 20004
   Telephone: (202) 624-2500
6  Facsimile: (202) 628-5116

7  Steven P. Rice (State Bar No. 094321)
      srice@crowell.com
8  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
9  Irvine, California 92614
   Telephone: (949) 798-1310
10 Facsimile: (949) 263-8414

11 Attorneys for Defendants Blue Cross of Idaho
   Health Service, Inc., Blue Cross and Blue Shield of
12 Kansas City, Blue Cross and Blue Shield of
   Nebraska, HealthNow New York Inc.
13 (d/b/a/ BlueCross BlueShield of Western New
   York and BlueShield of Northeastern New York),
14 Blue Cross Blue Shield of North Dakota, and BlueCross
   BlueShield of Wyoming

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                          OAKLAND DIVISION

19
   JAMES M. CADY, an Individual, on Behalf
20 of Himself and All Others Similarly
   Situated,                                    Case No. CV-08-2753-CW
21
             Plaintiff,                         **NOTICE OF MOTION AND
22                                              MOTION OF CERTAIN
        v.                                      DEFENDANTS TO CHANGE
23                                              TIME**
   ANTHEM BLUE CROSS LIFE AND
24 HEALTH INSURANCE CO., *et al.*,
                                                Judge: The Honorable Claudia Wilken
25           Defendants.

26

27

28

## NOTICE

PLEASE TAKE NOTICE, that pursuant to Local Rules 6-3, 7 and 16-2 and Federal Rule of Civil Procedure 26(c), defendants Blue Cross of Idaho Health Service, Inc.,[1] Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a/ BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue Cross Blue Shield of North Dakota, and BlueCross BlueShield of Wyoming (collectively, "Moving Defendants") move this Court for an order to change the deadlines prescribed in this Court's June 5, 2008 Amended Order Setting Initial Case Management Conference and ADR Deadlines ("June 5, 2008 Order"). Moving Defendants respectfully request that this Court postpone all of the deadlines in the June 5, 2008 Order, including initial disclosures under Federal Rule of Civil Procedure 26, until resolution of the Moving Defendants' pending dispositive motion, which challenges the Court's subject matter jurisdiction. A proposed order and declaration in support of this motion are attached.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CERTAIN DEFENDANTS FOR RELIEF FROM CASE MANAGEMENT SCHEDULE

## INTRODUCTION

On August 15, 2008, Moving Defendants filed a dispositive motion to dismiss the Complaint against them in the above titled action with prejudice under Federal Rule of Civil Procedure 12(b). The grounds for this motion included that: (1) plaintiff lacks standing under Article III of the United States Constitution; (2) plaintiff lacks standing to sue under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*; and (3) plaintiff failed to state a claim upon which relief can be granted. The hearing on this motion is currently scheduled for September 25, 2008. Because of the nature of this dispositive motion challenging

---

[1] Incorrectly sued as "Blue Cross of Idaho, Inc."

the Court's subject matter jurisdiction, proceeding with the current case management schedule before resolution of the pending motion would require undue burden and expense for the Moving Defendants. Therefore, Moving Defendants respectfully request that this Court postpone all deadlines imposed by the June 5, 2008 Order until resolution of the pending dispositive motion.[2] As described in the accompanying declaration, undersigned counsel has conferred with counsel for all other parties regarding the relief requested in this motion. Counsel for plaintiff does not agree to stipulate to the requested time modification. Counsel for the other defendants support this request for relief.

## ARGUMENT

Plaintiff in this case has a purported benefits dispute with the company that insures his employer's benefit plan. Compl. ¶¶ 49-50, 56, 59. Plaintiff, however, styled his Complaint as a class action and sued forty-three other insurance companies, including Moving Defendants, with whom he has no relationship and has never had any dealings. Compl. ¶¶ 52, 63-65. Given the tenuous nature of this action and the strong grounds for dismissal under Rule 12(b), it would be unfair and burdensome to require Moving Defendants to proceed under the current case management schedule before resolution of the pending motion. Indeed, recognizing that the Complaint may not stand with respect to the broad group of defendants, plaintiff already has voluntarily dismissed four defendants without prejudice.

Pursuant to Local Rule 16-2 (d), this Court may provide relief from the case management schedule. This Court also has broad discretion to stay discovery. *See* FED. R. CIV. P. 26(c); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1989) ("The district court has wide discretion in

---

[2] Currently, the parties are required to meet and confer and file ADR forms by August 26, 2008. Initial disclosures, the Rule 26(f) Report, and the Joint Case Management Statement are due on September 9, 2008. The Case Management Conference is scheduled for September 16, 2008.

controlling discovery."); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (trial court's decision to stay discovery was not an abuse of its discretion). Where a motion to dismiss goes to the heart of the court's power to hear the case, *i.e.*, subject matter jurisdiction, limiting discovery is particularly appropriate. *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996). Holding that the district court did not abuse its discretion in limiting discovery, the Ninth Circuit noted in *Blackburn* that:

> Subject matter jurisdiction is a threshold issue in the absence of which the court cannot proceed to hear other issues. "It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters."

*Id.* (quoting *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79-80 (1988)). Two of the three grounds for dismissal in Moving Defendants' motion challenge subject matter jurisdiction for lack of Article III and statutory standing. Without Article III standing, there is no case or controversy for the court to hear. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *Central Delta Water Agency v. United States*, 306 F.3d 938, 946-47 (9th Cir. 2002). Similarly, ERISA standing is a jurisdictional prerequisite. *See, e.g., Curtis v. Nevada Bonding Corp.*, 53 F.3d 1023, 1026 (9th Cir. 1995) ("federal courts lack subject matter jurisdiction if the plaintiff in an action for benefits owed under an ERISA plan lacks standing to bring a civil suit enforcing ERISA under 29 U.S.C. § 1132(a)(1)(B).").

The third ground for dismissal, that plaintiff has failed to state a claim upon which relief can be granted, also provides a sound basis for staying discovery pending resolution of the motion. Where it is apparent that a plaintiff cannot state a claim upon which relief can be granted, a district court may preclude discovery. *B.R.S. Land Investors v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of

[Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. . . . . It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."); *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) ("[a] district court may . . . stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*))).

Moving Defendants' 12(b) motion accepts plaintiffs' well-pled facts as true for purposes of resolving the motion. Where a 12(b) motion does not challenge the facts of the complaint, discovery is unnecessary to resolve the dispositive motion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss"); *Little*, 836 F.2d at 685 (because "discovery could not have affected" the issue raised in the dispositive motion, "the trial court did not abuse its discretion by staying discovery" until the dispositive motion was resolved); *Rae*, 725 F.2d at 481 ("the district court took all the facts alleged in the complaint as true. . . . [t]hus, the district court did not abuse its discretion in staying [plaintiff's] discovery pending resolution of the Rule 12(b) motion."); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829-30 (9th Cir. 2003) ("[D]iscovery at the pleadings stage is only appropriate where factual issues are raised by a Rule 12(b) motion. . . . The district court did not abuse its discretion in finding that [plaintiff] was not entitled to discovery."), *overruled on other grounds*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007) (*en banc*).

## CONCLUSION

For the reasons set forth above, Moving Defendants respectfully request that this Court stay all dates imposed by the June 5, 2008 Order, including initial disclosures under Federal Rule of Civil Procedure 26, until the Court resolves Moving Defendants' motion to dismiss.

Dated:  August 21, 2008

Respectfully submitted,

/s/  Tracy A. Roman
Kathleen Taylor Sooy (admitted *pro hac vice*)
Tracy A. Roman (admitted *pro hac vice*)
Andrew D. Kaplan (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116

Steven P. Rice (State Bar No. 094321)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California  92614
Telephone:  (949) 798-1310
Facsimile:  (949) 263-8414

Attorneys for Defendants Blue Cross of Idaho Health Service, Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a/ BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue Cross Blue Shield of North Dakota, and BlueCross BlueShield of Wyoming

## CERTIFICATE OF SERVICE

I, Tracy A. Roman, certify that on August 21, 2008, I electronically filed the foregoing Notice of Motion and Motion of Certain Defendants to Change Time through the Court's ECF System, and the document is available for downloading. I also certify that on August 21, 2008, copies of the foregoing documents were served via U.S. Mail on the following:

Jeffrey Alan Kiburtz
Wood & Bender LLP
864 E. Santa Clara Street
San Buenaventura, CA 93001

Michael J. Tuteur
Foley & Lardner LLP
111 Huntington Ave.
Boston, MA 02199

/s/ Tracy A. Roman
Tracy A. Roman

1  Kathleen Taylor Sooy (admitted *pro hac vice*)
     ksooy@crowell.com
2  Tracy A. Roman (admitted *pro hac vice*)
     troman@crowell.com
3  Andrew D. Kaplan (admitted *pro hac vice*)
     akaplan@crowell.com
4  CROWELL & MORING LLP
   1001 Pennsylvania Ave., N.W.
5  Washington, D.C. 20004
   Telephone: (202) 624-2500
6  Facsimile: (202) 628-5116

7  Steven P. Rice (State Bar No. 094321)
     srice@crowell.com
8  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
9  Irvine, California 92614
   Telephone: (949) 798-1310
10 Facsimile: (949) 263-8414

11 Attorneys for Defendants Blue Cross of Idaho
   Health Service, Inc., Blue Cross and Blue Shield
12 of Kansas City, Blue Cross and Blue Shield of
   Nebraska, HealthNow New York Inc.
13 (d/b/a BlueCross BlueShield of Western New
   York and BlueShield of Northeastern New York),
14 Blue Cross Blue Shield of North Dakota, and BlueCross
   BlueShield of Wyoming

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES M. CADY, an Individual, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE CO., *et al.*,<br><br>Defendants. | Case No. CV-08-2753-CW<br><br>**DECLARATION IN SUPPORT OF MOTION OF CERTAIN DEFENDANTS TO CHANGE TIME** |

## DECLARATION OF TRACY A. ROMAN

Tracy A. Roman, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following:

1. I am an attorney of record for defendants Blue Cross of Idaho Health Service, Inc. (incorrectly sued as "Blue Cross of Idaho, Inc."), Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue Cross Blue Shield of North Dakota, and BlueCross BlueShield of Wyoming (collectively, "Moving Defendants").

2. Moving Defendants request a postponement of all of the dates in the Court's June 5, 2008 Amended Order Setting Initial Case Management Conference and ADR Deadlines ("June 5, 2008 Order") on the grounds that they have filed a dispositive motion that challenges the Court's subject matter jurisdiction.

3. Delaying the deadlines in the June 5, 2008 Order until resolution of Moving Defendants' motion to dismiss will spare Moving Defendants the undue burden and expense of initial disclosures and discovery that will be unnecessary if the Court does not have jurisdiction over plaintiff's claims against Moving Defendants, including the production of insurance-related documents that contain sensitive patient information.

4. I have contacted plaintiff's counsel, who does not agree to stipulate to the requested time modification. Counsel for the other defendants in this action do not object to the relief requested.

5. The only prior time modification in this case was the July 28, 2008 stipulation extending the time for all defendants to respond to the Complaint until August 15, 2008.

6. The time modification requested in the accompanying motion will postpone the dates imposed by the June 5, 2008 Order until resolution of Moving Defendants' motion to dismiss. The hearing on this motion is currently scheduled for September 25, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Tracy A. Roman

Executed on: August 21, 2008

1  Kathleen Taylor Sooy (admitted *pro hac vice*)
      ksooy@crowell.com
2  Tracy A. Roman (admitted *pro hac vice*)
      troman@crowell.com
3  Andrew D. Kaplan (admitted *pro hac vice*)
      akaplan@crowell.com
4  CROWELL & MORING LLP
   1001 Pennsylvania Ave., N.W.
5  Washington, D.C. 20004
   Telephone: (202) 624-2500
6  Facsimile: (202) 628-5116

7  Steven P. Rice (State Bar No. 094321)
      srice@crowell.com
8  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
9  Irvine, California 92614
   Telephone: (949) 798-1310
10 Facsimile: (949) 263-8414

11 Attorneys for Defendants Blue Cross of Idaho
   Health Service, Inc., Blue Cross and Blue Shield
12 of Kansas City, Blue Cross and Blue Shield of
   Nebraska, HealthNow New York Inc.
13 (d/b/a BlueCross BlueShield of Western New
   York and BlueShield of Northeastern New York),
14 Blue Cross Blue Shield of North Dakota, and BlueCross
   BlueShield of Wyoming

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES M. CADY, an Individual, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE CO., *et al.*,<br><br>Defendants. | Case No. CV-08-2753-CW<br><br>**[PROPOSED] ORDER ON MOTION OF CERTAIN DEFENDANTS TO CHANGE TIME** |

Case No. CV-08-2753
[PROPOSED] ORDER ON MOTION OF CERTAIN DEFENDANTS TO CHANGE TIME

1  Upon consideration of the motion of defendants Blue Cross of Idaho Health Service, Inc.,[1] Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue Cross Blue Shield of North Dakota, and BlueCross BlueShield of Wyoming ("Moving Defendants") to change time and the accompanying declaration, the Motion is hereby GRANTED.

It is ORDERED that the case management schedule, including initial disclosures under F.R.C.P. 26, is stayed until resolution of Moving Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE CLAUDIA WILKEN
United States District Court Judge

---

[1] Incorrectly sued as "Blue Cross of Idaho, Inc."