**EDWARD J. NEVIN, State Bar No. 41226**
**NEVIN & ABSOLOM**
22 Battery Street, Suite 333
San Francisco, California 94111
Tel:     (415) 392-5040
Fax:     (415) 392-3729
E-Mail: ed.nevin@333law.com

**DAVID E. WOOD, State Bar No. 121170**
**JEFFREY A. KIBURTZ, State Bar No. 228127**
**WOOD & BENDER LLP**
864 E. Santa Clara Street
San Buenaventura, California 93001
Tel:     (805) 288-1300
Fax:     (805) 288-1301
E-Mail: dew@wood-bender.com
         jak@wood-bender.com

Attorneys for Plaintiff **JAMES M. CADY**
On Behalf Of Himself And All Others
Similarly Situated

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. CADY, an Individual, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.: 4:08-CV-02753-CW<br>Assigned to: Hon. Claudia Wilken<br>Courtroom 2<br><br>Action Filed:  June 2, 2008<br><br>**DECLARATION OF JEFFREY A. KIBURTZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CHANGE TIME** |

///

DECLARATION OF JEFFREY A. KIBURTZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CHANGE TIME

75323v1

I, Jeffrey A. Kiburtz, hereby state and declare:

1.    I am Counsel at the law firm Wood & Bender LLP, counsel of record for James M. Cady.  The matters stated herein are of my own personal knowledge and, if called upon, I could and would testify competently thereto.  As to the matters stated on information and belief, I believe them to be true.

2.    On August 21, 2008, I participated in a conference call with attorneys for Defendants in this matter.  During that call, we discussed Plaintiff's proposal under which the parties stipulate to a proposed stay of motion practice and engage in a very narrow scope of discovery to ascertain the factual underpinnings of this Court's subject matter jurisdiction.

3.    Attached hereto as **Exhibit A** is a true and correct copy of an August 22, 2008 email I prepared and sent to counsel for Defendants.  In that email, I outlined the general contours of the proposed discovery plan as follows:

> 1) Each defendant would perform searches of its respective claims database for claims submitted under CPT Code 32998 (specific to RFA treatment of pulmonary tumors) or CPT Code 32999 (unlisted procedure lungs and pleura) for the past five years.  Defendants would be dismissed if they certified pursuant to this process that they cover RFA treatment for pulmonary tumors ***and*** had not in the past 5 years declined any claims for such treatment on the grounds that such treatment was experimental, investigational or not medically necessary.  This is identical to the procedure by which Blue Cross of Arizona and Independence Blue Cross were dismissed from the case (and similar to that by which Northeastern Pennsylvania was dismissed).
>
> 2) Defendants that had declined coverage for RFA treatment of pulmonary tumors on grounds that such treatment was investigational, experimental or not medically necessary would contact -- under court supervision, pursuant to a notice letter agreed upon by the parties -- all claimants whose claims had been declined.  The notice letter would advise the claimants of this litigation, their potential right to serve as named plaintiffs, and provide contact information for plaintiffs counsel. Alternatively, to lessen any burden on defendants, plaintiffs counsel could contact the claimants (but we assumed defendants would rather maintain control over that process).  Any such claimants who wished to serve as named plaintiffs in this litigation could contact plaintiffs counsel to be potentially added

DECLARATION OF JEFFREY A. KIBURTZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CHANGE TIME

WOOD | BENDER LLP

864 E. Santa Clara Street | San Buenaventura | CA 93001    805·288·1300    fax: 805·288·1301    www.wood-bender.com

as named plaintiffs.  We proposed a 45 - 60 day period for the claims investigation to be performed and notice letters to be sent. We also proposed a 90 - 120 period in which claimants could contact us to serve as named plaintiffs. At the end of the second notice period, any defendants for which there was no named plaintiff would be dismissed and the litigation would proceed with respect to the remaining defendants.

3)  Defendants would provide information about their specific status as claims administrators and the degree to which policy decisions between and among the Blue Cross plans are centralized.

4.     Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of William von Behren in support of the Foley/Meserve Group of Defendants' Joinder to Motion to Change Time.

5.     In July 2008, I discussed with counsel for Blue Cross of Arizona ("Arizona") a potential dismissal of her client.  The parties agreed that Plaintiff would dismiss if Arizona provided written confirmation that (1) its medical policy covered RFA treatment for pulmonary tumors; and (2) it had not declined coverage for RFA treatment of pulmonary tumors on grounds that such treatment was investigational, experimental or not medically necessary.  Arizona provided such confirmation in a letter dated July 15, 2008, a true and correct copy of which is attached hereto as **Exhibit C**.  Arizona was dismissed from the litigation shortly thereafter, on or around July 21, 2008.

6.     In August 2008, I exchanged emails with counsel for Independence Blue Cross ("Independence") concerning a potential dismissal of his client.  The parties agreed that Plaintiff would dismiss if Arizona provided written confirmation that (1) its medical policy covered RFA treatment for pulmonary tumors; and (2) it had not declined coverage for RFA treatment of pulmonary tumors on grounds that such treatment was investigational, experimental or not medically necessary.  On August 6, 2008, I sent counsel an email at 12:08 P.M. (PST) asking that Independence provide a letter similar to that provided by Arizona, a true and correct copy of which is attached hereto as **Exhibit D**.  Counsel responded by email at 10:49 A.M. (PST) on August 7, 2008 (a true and correct copy of which is attached hereto as **Exhibit E**), providing a

4:08-cv-02753 CW

DECLARATION OF JEFFREY A. KIBURTZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CHANGE TIME

75323v1

WOOD | BENDER LLP

864 E. Santa Clara Street | San Buenaventura | CA 93001    805-288-1300    fax: 805-288-1301    www.wood-bender.com

1  letter detailing the results of Independence's CPT code search. Attached hereto as **Exhibit F** is a

2  true and correct copy of the letter dated August 7, 2008 from Independence.

3        I declare under penalty of perjury, under the laws of the State of California, that the

4  foregoing is true and correct. Executed this 25th day of August, 2008, at Los Angeles,

5  California.

6

7                                    Jeffrey A. Kiburtz

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOOD | BENDER LLP

*864 E. Santa Clara Street | San Buenaventura | CA 93001    805-288-1300    fax: 805-288-1301    www.wood-bender.com*

75323v1

4:08-cv-02753 CW

DECLARATION OF JEFFREY A. KIBURTZ IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO CHANGE TIME

EXHIBIT A

EXHIBIT A

## Susan M. Freberg

| | |
|---|---|
| **From:** | Jeffrey A. Kiburtz |
| **Sent:** | Friday, August 22, 2008 1:22 PM |
| **To:** | Jeffrey A. Kiburtz; 'Ridley, Eileen R.'; 'Saue, Jacqueline M.'; 'Tuteur, Michael J.'; 'Naranjo, Michael A.'; 'BvonBehren@mmhllp.com'; 'ed.nevin@333law.com'; 'ksooy@crowell.com'; 'srice@crowell.com'; 'troman@crowell.com'; 'JLee@mmhllp.com'; 'pherron@mmhllp.com'; 'RGomm@mmhllp.com'; 'SManoucherian@mmhllp.com'; David Wood; Susan M. Freberg |
| **Subject:** | Cady v. Blue Cross |

Counsel:

This confirms details of our conference call of yesterday, August 21, 2008, which was attended by plaintiffs' counsel and counsel for all defendants (attorneys from Meserve Mumper & Hughes, Foley & Lardner and Crowell & Moring).

Plaintiffs proposed yesterday that the parties stipulate to a proposed stay of briefing on the pending motions to dismiss to permit limited discovery on the Article III standing/subject matter jurisdiction issues raised by defendants.  The general contours of the discovery proposed by plaintiffs are as follows:

1)  Each defendant would perform searches of its respective claims database for claims submitted under CPT Code 32998 (specific to RFA treatment of pulmonary tumors) or CPT Code 32999 (unlisted procedure lungs and pleura) for the past five years.  Defendants would be dismissed if they certified pursuant to this process that they cover RFA treatment for pulmonary tumors **and** had not in the past 5 years declined any claims for such treatment on the grounds that such treatment was experimental, investigational or not medically necessary.  This is identical to the procedure by which Blue Cross of Arizona and Independence Blue Cross were dismissed from the case (and similar to that by which Northeastern Pennsylvania was dismissed).

2)  Defendants that had declined coverage for RFA treatment of pulmonary tumors on grounds that such treatment was investigational, experimental or not medically necessary would contact -- under court supervision, pursuant to a notice letter agreed upon by the parties -- all claimants whose claims had been declined.  The notice letter would advise the claimants of this litigation, their potential right to serve as named plaintiffs, and provide contact information for plaintiffs counsel.  Alternatively, to lessen any burden on defendants, plaintiffs counsel could contact the claimants (but we assumed defendants would rather maintain control over that process).  Any such claimants who wished to serve as named plaintiffs in this litigation could contact plaintiffs counsel to be potentially added as named plaintiffs.  We proposed a 45 - 60 day period for the claims investigation to be performed and notice letters to be sent.  We also proposed a 90 - 120 period in which claimants could contact us to serve as named plaintiffs.  At the end of the second notice period, any defendants for which there was no named plaintiff would be dismissed and the litigation would proceed with respect to the remaining defendants.

3)  Defendants would provide information about their specific status as claims administrators and the degree to which policy decisions between and among the Blue Cross plans are centralized.

During that call, counsel for all defendants indicated that their respective clients would not agree to (1) stay briefing of the motions to dismiss; or (2) provide any scope of discovery.  Counsel instead indicated that their respective clients would file motions to change time on the Rule 26 discovery process.  Following the call, both Blue Cross defendant groups filed or joined in a motion to delay the Rule 26 discovery process.  We understand this to be confirmation that all Blue Cross defendants have rejected plaintiffs plan as proposed yesterday and outlined above.

As explained yesterday, plaintiffs regard the conversation yesterday as satisfying the "meet and confer" requirement for filing the proposed motion (but not the "meet and confer" requirement for Rule 26 disclosures, the deadline for which is August 26, 2008).  As such, plaintiffs will file a motion to seek the relief outlined in the proposal above.  As always, we welcome any thoughts or ideas for how to resolve this dispute without the assistance of the court.  However, with defendants' pending motions, we cannot delay to any significant degree filing of plaintiffs' proposed motion.

Best,

Jeff

 Jeffrey A. Kiburtz, Esq.
jak@wood-bender.com

**W O O D   B E N D E R** LLP

864 East Santa Clara Street
San Buenaventura, California 93001
Phone: 805.288.1300
Fax:  805.288.1301
Website: www.wood-bender.com

This email is the sole property of WOOD & BENDER LLP. It is intended for the identified and named recipient(s) only. Any review or use of this communication by anyone other than its identified and named recipient(s) is unauthorized, is a breach of the sender's and the recipient(s)' privacy rights, and will subject the unauthorized reader or user to liability. This communication contains confidential information that may be protected by the attorney-work product and attorney-client privileges.

EXHIBIT B

EXHIBIT B

1  William E. von Behren (Bar No. 106642)
   BvonBehren@mmhllp.com
2  Simon Manoucherian (Bar No. 198760)
   SManoucherian@mmhllp.com
3  Russell G. Gomm (Bar No. 231056)
   RGomm@mmhllp.com
4  Joann V. Lee (Bar No. 251653)
   JLee@mmhllp.com
5  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
6  Los Angeles, California 90071-3185
   Telephone:  (213) 620-0300
7  Facsimile:  (213) 625-1930

8  Attorneys for Defendants
   BLUE CROSS AND BLUE SHIELD OF
9  ALABAMA, BLUE SHIELD OF CALIFORNIA,
   BLUE CROSS BLUE SHIELD OF DELAWARE,
10 BLUE CROSS AND BLUE SHIELD OF
   FLORIDA, INC., BLUECROSS AND
11 BLUESHIELD OF LOUISIANA, BLUECROSS
   BLUESHIELD OF MASSACHUSETTS, INC.,
12 BLUE CROSS BLUE SHIELD OF MICHIGAN,
   BLUE CROSS BLUE SHIELD OF
13 MINNESOTA, BLUE CROSS AND BLUE
   SHIELD OF MISSISSIPPI, BLUE CROSS AND
14 BLUE SHIELD OF MONTANA, INC., BLUE
   CROSS AND BLUE SHIELD OF NORTH
15 CAROLINA, BLUE CROSS AND BLUE
   SHIELD OF RHODE ISLAND, BLUE CROSS
16 AND BLUE SHIELD OF SOUTH CAROLINA,
   BLUECROSS BLUESHEILD OF TENNESSEE,
17 INC., BLUECROSS BLUESHIELD OF
   VERMONT, CAREFIRST BLUECROSS
18 BLUESHIELD, EXCELLUS, INC., HAWAII
   MEDICAL SERVICE ASSOCIATION,
19 HIGHMARK, INC., MOUNTAIN STATE BLUE
   CROSS BLUE SHIELD, PREMERA BLUE
20 CROSS, THE REGENCE GROUP, and
   WELLMARK BLUECROSS BLUESHEILD OF
21 IOWA

22              UNITED STATES DISTRICT COURT

23            NORTHERN DISTRICT OF CALIFORNIA

24

25 JAMES M. CADY, an individual, on        ) Case No. CV 08-02753
   Behalf of Himself and All Others        )
26 Similarly Situated ,                    ) DECLARATION OF WILLIAM E.
                                           ) VON BEHREN IN SUPPORT OF
27          Plaintiffs,                     ) JOINDER IN MOTION OF CERTAIN
                                           ) DEFENDANTS TO CHANGE TIME
28     vs.                                 )

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95854.1                              1

DECLARATION OF WILLIAM E. VON
BEHREN

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY,
ET AL.,

        Defendants.

I, William E. von Behren, hereby declare as follows:

     1.    I am an attorney at law licensed to practice before all Courts of the State of California and this Court. I am a partner in the law firm of Meserve, Mumper & Hughes, LLP, attorneys of record for defendants BLUE CROSS AND BLUE SHIELD OF ALABAMA, BLUE SHIELD OF CALIFORNIA, BLUE CROSS BLUE SHIELD OF DELAWARE, BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC., BLUECROSS AND BLUESHIELD OF LOUISIANA, BLUECROSS BLUESHIELD OF MASSACHUSETTS, INC., BLUE CROSS BLUE SHIELD OF MICHIGAN, BLUE CROSS BLUE SHIELD OF MINNESOTA, BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI, BLUE CROSS AND BLUE SHIELD OF MONTANA, INC., BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, BLUE CROSS AND BLUE SHIELD OF RHODE ISLAND, BLUE CROSS AND BLUE SHIELD OF SOUTH CAROLINA, BLUECROSS BLUESHEILD OF TENNESSEE, INC., BLUECROSS BLUESHIELD OF VERMONT, CAREFIRST BLUECROSS BLUESHIELD, EXCELLUS, INC., HAWAII MEDICAL SERVICE ASSOCIATION, HIGHMARK, INC., MOUNTAIN STATE BLUE CROSS BLUE SHIELD, PREMERA BLUE CROSS, THE REGENCE GROUP, and WELLMARK BLUECROSS BLUESHEILD OF IOWA ("Represented Defendants"). I am the attorney primarily responsible for handling this action on behalf of Represented Defendants. As such, I have personal knowledge of the facts contained in this Declaration, and if called upon as a witness, I could and would competently testify

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95854.1

2

DECLARATION OF WILLIAM E. VON BEHREN

1  to these facts under oath.  I make this Declaration in support of these defendants'
2  Joinder in the Motion of Certain Defendants to Change Time.

3       2.    I am informed and believe that each individual Represented Defendant
4  is a separate and distinct company, despite the fact that each is licensed to use the
5  name or names "Blue Cross" and/or "Blue Shield."

6       3.    I am informed and believe that each individual Represented Defendant
7  has its own employees, separate and distinct from those of any other Represented
8  Defendant.

9       4.    I am informed and believe that each individual Represented Defendant
10 has its own system for documenting claims information.

11      5.    I am informed and believe that each individual Represented Defendant
12 has its own computer system or systems, including systems to store, manage, and
13 administer claim data.

14      6.    In order to prepare its initial disclosures pursuant to Federal Rules of
15 Civil Procedure ("FRCP"), Rule 26(a)(1), each individual Represented Defendant
16 would be required to determine, among other things, what claims, if any, it had
17 received or processed for RFA.

18      7.    For various reasons, including because RFA was not assigned its own
19 CPT Code until very recently, each individual Represented Defendant would be
20 required to devote significant resources to prepare its initial disclosures.  The
21 amount of resources would vary depending on the size, type of claims-management
22 system, type of computer system or systems, CPT codes used, and other factors of
23 each individual Represented Defendant.  I am informed and believe that the amount
24 of person-hours thus required for each individual Represented Defendant to prepare
25 its initial disclosures could be as little as approximately five hours or as much as
26 hundreds of hours.

27      8.    On August 19, 2008, I spoke via telephone with Jeffrey A. Kiburtz of
28 Wood & Bender, counsel for plaintiff JAMES M. CADY.  I explained to plaintiff's

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95854.1

3

DECLARATION OF WILLIAM E. VON
BEHREN

1  counsel the tremendous burdens associated with the Represented Defendants'

2  complying with the obligations of FRCP 26 and this Court's Case Management

3  Order at this early stage, including making initial disclosures pursuant to FRCP

4  26(a)(1), especially considering the pending Motions to Dismiss. I requested that

5  plaintiff's counsel stipulate to request that the Court postpone the deadlines set in its

6  June 4, 2008 Order, until after the Court ruled on the issues set forth in the

7  defendants' Motions to Dismiss.

8      9.    In the above-referenced telephone conversation, Plaintiff's counsel

9  refused to so stipulate.

10      Executed this 21st day of August, 2008, at Los Angeles, California.

11      I declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13                                        _____/s/_____

14                                        William E. von Behren

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

95854.1                              4

DECLARATION OF WILLIAM E. VON
BEHREN

# EXHIBIT C

EXHIBIT C

**LEGAL DIVISION**
(602) 864-4100
FAX: (602) 864-4084
(602) 864-5865



**BlueCross**
**BlueShield**
**of Arizona**

An Independent Licensee
of the Blue Cross and
Blue Shield Association

July 15, 2008

Jeffrey A. Kiburtz
Wood & Bender LLP
864 E. Santa Clara Street
San Buenaventura, CA 93001

Re:     *James M. Cady v.*
         *Anthem Blue Cross Life and Health Insurance Company, et al.*

Dear Jeff:

This letter memorializes the agreement that was reached on July 9, 2008, between Plaintiff's counsel and Defendant, Blue Cross and Blue Shield of Arizona ("BCBSAZ"), with regard to the above referenced class action lawsuit.

As we discussed, BCBSAZ researched and analyzed claims data for the past five years for the following CPT codes:

- 32998: Ablation therapy for reduction or eradication of one or more pulmonary tumor(s) including pleura or chest wall when involved by tumor extension, percutaneous, radiofrequency, unilateral; and

- 32999: Unlisted procedure, lungs and pleura.

Although the proper code to use for radiofrequency ablation would be the 32998, I did have the unlisted code also analyzed to be inclusive.

In total for these two codes, sixty seven claims were submitted and processed. None denied as experimental, investigational or not medically necessary. A total of eight claims denied for the following reasons:

- Four claims denied because they were Medicare Supplement policies and Medicare denied;
- One claim denied as a duplicate (procedure was paid on another claim);
- One claim denied for an assistant surgeon;
- One claim denied for lack of coordination of benefits; and
- One claim denied because the provider never provided requested medical records.

Jeffrey A. Kiburtz
July 15, 2008
Page 2 of 2

In addition, BCBSAZ researched its precertification requests from June 4, 2004, through the present and there were no denials of precertification for radiofrequency ablation.

Finally, I have enclosed a copy of BCBSAZ's medical policy relating to radiofrequency ablation.

Based upon the information provided above, Plaintiff's counsel has agreed to voluntarily dismiss BCBSAZ from the above referenced class action lawsuit.

We appreciate your willingness to listen and hear the facts as presented. Please do not hesitate to contact me should you need any further information to assist in filing the necessary papers with the court. I look forward to receiving the file stamped dismissal.

Sincerely,

Jarlis P. Raynak
Director, Litigation Services

JPR/clh
Enclosure


cc:    David E. Wood
       Wood & Bender LLP

       Edward J. Nevin, Jr.
       22 Battery Street, #333
       San Francisco, CA 94111

**BlueCross
BlueShield
of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | |
|---|---|---|
| MEDICAL COVERAGE GUIDELINES | ORIGINAL EFFECTIVE DATE: | 01/09/07 |
| SECTION:  SURGERY | LAST REVIEW DATE: | |
| | LAST CRITERIA REVISION DATE: | 08/21/07 |
| NEXT REVIEW DATE:  1ST QTR 2009 | ARCHIVE DATE: | |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS

- **Cryosurgical Ablation**
- **MRI-Guided High-Intensity Ultrasound Ablation**
- **Radiofrequency Ablation**

Coverage for services, procedures, medical devices and drugs are dependent upon benefit eligibility as outlined in the member's specific benefit plan. This Medical Coverage Guideline must be read in its entirety to determine coverage eligibility, if any.

The section identified as "Description" defines or describes a service, procedure, medical device or drug and is in no way intended as a statement of medical necessity and/or coverage.

The section identified as "Criteria" defines criteria to determine whether a service, procedure, medical device or drug is considered medically necessary or experimental or investigational.

Medical Coverage Guidelines are subject to change as new information becomes available.

For purposes of this Medical Coverage Guideline, the terms "experimental" and "investigational" are considered to be interchangeable.

### Description:

Cryosurgical Ablation:
A probe is inserted into a tumor to deliver a coolant which causes cell death by freezing the tumor tissue. Cryoablation may be performed as an open procedure or under laparoscopic or ultrasound guidance.

MRI-Guided High Intensity Ultrasound Ablation:
MRI is used for guidance and monitoring while a focused ultrasound beam penetrates through the soft tissues and heats the targeted tissue, resulting in coagulation necrosis while sparing the surrounding normal structures. MRI-guided high intensity ultrasound ablation has been investigated as a noninvasive treatment for tumors including brain and breast cancers.

Radiofrequency Ablation (RFA):
An electrode is inserted into a tumor to deliver an alternating current, causing protein denaturation, coagulation and ultimately cell death. This surgical procedure may be performed as an open or percutaneous procedure or under laparoscopic guidance. RFA has been investigated as a treatment for inoperable tumors or for an individual who is ineligible for surgery due to age, comorbidities or poor health.



**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

MEDICAL COVERAGE GUIDELINES
SECTION:    SURGERY

NEXT REVIEW DATE:  1ST QTR 2009

ORIGINAL EFFECTIVE DATE:                 01/09/07
LAST REVIEW DATE:
LAST CRITERIA REVISION DATE:          08/21/07
ARCHIVE DATE:

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

### Criteria:

### Cryosurgical Ablation:

➢ Cryosurgical ablation for the treatment of renal tumors is considered *medically necessary* for tumors less than or equal to 4 cm in size and located peripherally in the kidney with documentation of **ANY** of the following:

   1. Individual has a solitary kidney
   2. Surgery is contraindicated and specific contraindication is documented
   3. Chronic renal failure

➢ Cryosurgical ablation for the following indications is considered *experimental or investigational* based upon:

   1. Insufficient scientific evidence to permit conclusions concerning the effect on health outcomes, and
   2. Insufficient evidence to support improvement of the net health outcome, and
   3. Insufficient evidence to support improvement of the net health outcome as much as, or more than, established alternatives.

These indications include, *but are not limited to:*

   ▪ Above criteria not met
   ▪ Breast cancer
   ▪ Pancreatic cancer
   ▪ Other solid tumors (e.g. adrenal cancer, chordomas, head and neck cancer, ovarian cancer and pelvic/abdominal metastases of unspecified origin)



**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | | |
|---|---|---|---|
| **MEDICAL COVERAGE GUIDELINES**<br>**SECTION:   SURGERY** | **ORIGINAL EFFECTIVE DATE:** | 01/09/07 |
| | **LAST REVIEW DATE:** | |
| **NEXT REVIEW DATE:  1ST QTR 2009** | **LAST CRITERIA REVISION DATE:** | 08/21/07 |
| | **ARCHIVE DATE:** | |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

<u>Criteria:</u> (cont.)

<u>Radiofrequency Ablation:</u> (cont.)

➢ Radiofrequency ablation for the treatment of lung cancer is considered *medically necessary* with documentation of **ALL** of the following:

1. Lesions are located in peripheral lung fields
2. Tumor size is 4 cm or less
3. Individual is **ONE** of the following:

   ▪ High risk individual with pulmonary metastasis who is not a candidate for surgical resection
   ▪ Individual with non-small cell lung cancer who is not a candidate for surgical resection

➢ If the above criteria are not met, radiofrequency ablation for the treatment of lung cancer is considered *experimental or investigational* based upon:

1. Insufficient scientific evidence to permit conclusions concerning the effect on health outcomes, and
2. Insufficient evidence to support improvement of the net health outcome, and
3. Insufficient evidence to support improvement of the net health outcome as much as, or more than, established alternatives.

**State or federal mandates, e.g., FEP program, may dictate that any drug, device or biological product approved by the U.S. Food & Drug Administration (FDA) may not be considered experimental or investigational & thus the drug, device or biological product may be assessed only on the basis of medical necessity.**

**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

MEDICAL COVERAGE GUIDELINES
SECTION:   SURGERY

NEXT REVIEW DATE:  1ST QTR 2009

ORIGINAL EFFECTIVE DATE:          01/09/07
LAST REVIEW DATE:
LAST CRITERIA REVISION DATE:      08/21/07
ARCHIVE DATE:

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

**Criteria:** (cont.)

**Radiofrequency Ablation:** (cont.)

➢ Radiofrequency ablation for the following indications is considered *experimental or investigational* based upon:

1. Insufficient scientific evidence to permit conclusions concerning the effect on health outcomes, and
2. Insufficient evidence to support improvement of the net health outcome, and
3. Insufficient evidence to support improvement of the net health outcome as much as, or more than, established alternatives.

These indications include, *but are not limited to:*

- Breast cancer
- Breast fibroadenomas
- Osteolytic bone metastases as initial treatment
- Osteoma other than osteoid osteoma
- Renal cell carcinoma
- Other solid tumors (e.g., adrenal cancer, chordomas, head and neck cancer, ovarian cancer and pelvic/abdominal metastases of unspecified origin)

**State or federal mandates, e.g., FEP program, may dictate that any drug, device or biological product approved by the U.S. Food & Drug Administration (FDA) may not be considered experimental or investigational & thus the drug, device or biological product may be assessed only on the basis of medical necessity.**

**History:** | **Date:** | **Activity:**
---|---|---
Medical Policy Dept review | 08/21/07 | Revisions
Medical Policy Panel review | 06/26/07 | Adopted revisions
Medical Director review | 06/14/07 | Recommend revisions
Medical Policy Panel review | 01/09/07 | Adopted

**Criteria Revisions:**

08/21/07   Revised:   Verbiage from "investigational" to "experimental or "investigational"
06/26/07   Revised:   Cryosurgical ablation of renal tumors from investigational to medically necessary with criteria



**BlueCross**
**BlueShield**
**of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | |
|---|---|---|
| **MEDICAL COVERAGE GUIDELINES**<br>**SECTION:  SURGERY** | **ORIGINAL EFFECTIVE DATE:**<br>**LAST REVIEW DATE:** | 01/09/07 |
| **NEXT REVIEW DATE:  1ST QTR 2009** | **LAST CRITERIA REVISION DATE:**<br>**ARCHIVE DATE:** | 08/21/07 |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

**Note:**

**Resources:**

1. 7.01.109 BCBS Association Medical Policy Reference Manual. MRI-Guided High-Intensity Ultrasound Ablation of Uterine Fibroids and Other Tumors.  Re-issue date 10/10/2006; issue date 07/05/2004.

2. 7.01.92 BCBS Association Medical Policy Reference Manual. Cryosurgical Ablation of Miscellaneous Solid Tumors Other Than Liver or Prostate Tumors .  Re-issue date 08/02/2007, issue date 10/09/2003.
   Reprint:

3. 7.01.95 BCBS Association Medical Policy Reference Manual. Radiofrequency Ablation of Miscellaneous Solid Tumors Excluding Liver Tumors.  Re-issue date 06/14/2007, issue date 10/09/2003.

4. American Urological Association. Ablation of Renal Masses. 2006.

5. Atwell TD, Farrell MA, Callstrom MR, et al. Percutaneous cryoablation of 40 solid renal tumors with US guidance and CT monitoring: initial experience. *Radiology.* 2007;243(1):276-83.
   Reprint: Abstract

6. Belfiore G, Moggio G, Tedeschi E, et al. CT-guided radiofrequency ablation: a potential complementary therapy for patients with unresectable primary lung cancer--a preliminary report of 33 patients. *AJR Am J Roentgenol.* 2004;183(4):1003-11.
   Reprint: Full text

7. Bojarski JD, Dupuy DE, Mayo-Smith WW. CT imaging findings of pulmonary neoplasms after treatment with radiofrequency ablation: results in 32 tumors. *AJR Am J Roentgenol.* 2005;185(2):466-71.
   Reprint: Full text

8. Cantwell CP, Obyrne J, Eustace S. Current trends in treatment of osteoid osteoma with an emphasis on radiofrequency ablation. *Eur Radiol.* 2004;14(4):607-17.
   Reprint: Abstract



**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | | |
|---|---|---|---|
| MEDICAL COVERAGE GUIDELINES | | ORIGINAL EFFECTIVE DATE: | 01/09/07 |
| SECTION: SURGERY | | LAST REVIEW DATE: | |
| | | LAST CRITERIA REVISION DATE: | 08/21/07 |
| NEXT REVIEW DATE: 1ST QTR 2009 | | ARCHIVE DATE: | |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

**Resources:** (cont.)

9. Cioni R, Armillotta N, Bargellini I, et al. CT-guided radiofrequency ablation of osteoid osteoma: long-term results. *Eur Radiol.* 2004;14(7):1203-8.
   Reprint: Abstract

10. Davol PE, Fulmer BR, Rukstalis DB. Long-term results of cryoablation for renal cancer and complex renal masses. *Urology.* 2006;68(1 Suppl):2-6.
    Reprint: Full text

11. Deane LA, Clayman RV. Review of minimally invasive renal therapies: Needle-based and extracorporeal. *Urology.* 2006;68(1 Suppl):26-37.
    Reprint: Full text

12. El-Sherif A, Luketich JD, Landreneau RJ, Fernando HC. New therapeutic approaches for early stage non-small cell lung cancer. *Surg Oncol.* 2005;14(1):27-32.
    Reprint: Full text

13. Gallazzi MB, Arborio G, Garbagna PG, Perrucchini G, Daolio PA. [Percutaneous radio-frequency ablation of osteoid osteoma: technique and preliminary results]. *Radiol Med (Torino).* 2001;102(5-6):329-34.
    Reprint: Abstract

14. Ghanem I, Collet LM, Kharrat K, et al. Percutaneous radiofrequency coagulation of osteoid osteoma in children and adolescents. *J Pediatr Orthop B.* 2003;12(4):244-52.
    Reprint: Abstract

15. Hegarty NJ, Gill IS, Desai MM, Remer EM, O'Malley CM, Kaouk JH. Probe-ablative nephron-sparing surgery: cryoablation versus radiofrequency ablation. *Urology.* 2006;68(1 Suppl):7-13.
    Reprint: Full text

16. Jin GY, Lee JM, Lee YC, Han YM, Lim YS. Primary and secondary lung malignancies treated with percutaneous radiofrequency ablation: evaluation with follow-up helical CT. *AJR Am J Roentgenol.* 2004;183(4):1013-20.
    Reprint: Full text

17. Kaouk JH, Aron M, Rewcastle JC, Gill IS. Cryotherapy: clinical end points and their experimental foundations. *Urology.* 2006;68(1 Suppl):38-44.
    Reprint: Full text



**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | |
|---|---|---|
| MEDICAL COVERAGE GUIDELINES | ORIGINAL EFFECTIVE DATE: | 01/09/07 |
| SECTION:   SURGERY | LAST REVIEW DATE: | |
| | LAST CRITERIA REVISION DATE: | 08/21/07 |
| NEXT REVIEW DATE:  1ST QTR 2009 | ARCHIVE DATE: | |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

**Resources:** (cont.)

18. Lencioni R, Crocetti L, Cioni R, et al. Radiofrequency ablation of lung malignancies: where do we stand? *Cardiovasc Intervent Radiol.* 2004;27(6):581-90.
    Reprint: Full text

19. Lindner NJ, Ozaki T, Roedl R, Gosheger G, Winkelmann W, Wortler K. Percutaneous radiofrequency ablation in osteoid osteoma. *J Bone Joint Surg Br.* 2001;83(3):391-6.
    Reprint: Abstract

20. Lund L, Jonler M, Svolgaard N, Svolgaard PB, Petersen JB. [Laparoscopy-assisted cryoablation of small kidney tumours]. *Ugeskr Laeger.* 2007;169(6):517-20.
    Reprint: Abstract

21. Massachusetts General Hopsital Department of Radiology. Osteoid Osteosarcoma Treatment. Accessed 10/13/2003 .

22. Miki K, Shimomura T, Yamada H, et al. Percutaneous cryoablation of renal cell carcinoma guided by horizontal open magnetic resonance imaging. *Int J Urol.* 2006;13(7):880-4.
    Reprint: Abstract

23. O'Malley RL, Berger AD, Kanofsky JA, Phillips CK, Stifelman M, Taneja SS. A matched-cohort comparison of laparoscopic cryoablation and laparoscopic partial nephrectomy for treating renal masses. *BJU Int.* 2007;99(2):395-8.
    Reprint: Abstract

24. Pantuck AJ, Zisman A, Cohen J, Belldegrun A. Cryosurgical ablation of renal tumors using 1.5-millimeter, ultrathin cryoprobes. *Urology.* 2002;59(1):130-3.
    Reprint: Full text

25. Permpongkosol S, Link RE, Kavoussi LR, Solomon SB. Percutaneous computerized tomography guided cryoablation for localized renal cell carcinoma: factors influencing success. *J Urol.* 2006;176(5):1963-8; discussion 1968.
    Reprint: Abstract

26. Permpongkosol S, Link RE, Solomon SB, Kavoussi LR. Results of computerized tomography guided percutaneous ablation of renal masses with nondiagnostic pre-ablation pathological findings. *J Urol.* 2006;176(2):463-7; discussion 467.
    Reprint: Abstract

27. Permpongkosol S, Nielsen ME, Solomon SB. Percutaneous renal cryoablation . *Urology.* 2006;68(1 Suppl):19-25.
    Reprint: Full text



**BlueCross BlueShield of Arizona**
An Independent Licensee of the
Blue Cross and Blue Shield Association

| | | |
|---|---|---|
| MEDICAL COVERAGE GUIDELINES | ORIGINAL EFFECTIVE DATE: | 01/09/07 |
| SECTION:   SURGERY | LAST REVIEW DATE: | |
| | LAST CRITERIA REVISION DATE: | 08/21/07 |
| NEXT REVIEW DATE:  1ST QTR 2009 | ARCHIVE DATE: | |

## ABLATION OF MISCELLANEOUS SOLID TUMORS OTHER THAN LIVER OR PROSTATE TUMORS (cont.)

### Resources: (cont.)

28. Perry K, Zisman A, Pantuck AJ, Janzen N, Schulam P, Belldegrun AS. Laparoscopic and percutaneous ablative techniques in the treatment of renal cell carcinoma. *Rev Urol.* 2002;4(3):103-11.
Reprint: Full text

29. Rosenthal DI, Hornicek FJ, Torriani M, Gebhardt MC, Mankin HJ. Osteoid osteoma: percutaneous treatment with radiofrequency energy. *Radiology.* 2003;229(1):171-5.
Reprint: Full text

30. Rosenthal DI, Hornicek FJ, Wolfe MW, Jennings LC, Gebhardt MC, Mankin HJ. Percutaneous radiofrequency coagulation of osteoid osteoma compared with operative treatment. *J Bone Joint Surg Am.* 1998;80(6):815-21.

31. Schaefer MP, Smith J. The diagnostic and therapeutic challenge of femoral head osteoid osteoma presenting as thigh pain: a case report. *Arch Phys Med Rehabil.* 2003;84(6):904-5.
Reprint: Abstract

32. Schwartz BF, Rewcastle JC, Powell T, Whelan C, Manny T Jr, Vestal JC. Cryoablation of small peripheral renal masses: a retrospective analysis. *Urology.* 2006;68(1 Suppl):14-8.
Reprint: Full text

33. Stein RJ, Kaouk JH. Renal cryotherapy: a detailed review including a 5-year follow-up. *BJU Int.* 2007;99(5 Pt B):1265-70.
Reprint: Full text

34. Woertler K, Vestring T, Boettner F, Winkelmann W, Heindel W, Lindner N. Osteoid osteoma: CT-guided percutaneous radiofrequency ablation and follow-up in 47 patients. *J Vasc Interv Radiol.* 2001;12(6):717-22.
Reprint: Abstract

### Coding:

| | |
|---|---|
| CPT: | 0135T, 20982, 32998, 32999, 50250, 50542, 50592, 50593, 76940 |
| HCPCS: | S2090, S2091 |

### Coding Updates:

| | | |
|---|---|---|
| 12/19/07 | Added: | CPT code 50593 |

# EXHIBIT D

# EXHIBIT D

**Robert Hester**

-----Original Message-----
From: Jeffrey A. Kiburtz
Sent: Wednesday, August 06, 2008 12:08 PM
To: 'Zipfel, Michael P.'; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Thanks, Mike. But I think we need a more formal letter that provides details concerning the search process utilized and encloses the RFA procedure, similar to that which BC Arizona provided.

Jeff

Jeffrey A. Kiburtz, Esq.
jak@wood-bender.com

864 East Santa Clara Street
San Buenaventura, California 93001
Phone: 805.288.1300
Fax:  805.288.1301
Website: www.wood-bender.com

This email is the sole property of WOOD & BENDER LLP. It is intended for the identified and named recipient(s) only. Any review or use of this communication by anyone other than its identified and named recipient(s) is unauthorized, is a breach of the sender's and the recipient(s)' privacy rights, and will subject the unauthorized reader or user to liability. This communication contains confidential information that may be protected by the attorney-work product and attorney-client privileges.

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, August 06, 2008 11:36 AM
To: Jeffrey A. Kiburtz; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Jeff: I am forwarding a letter that I sent to Ed Nevin on July 29. I also have attached a copy of our policy #11.00.16, which I provided to Ed back in June. I believe this is what you need. Thanks.

Mike

Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
=============================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.

1

Please then delete the original message. Thank you.
==================================================================
======


-----Original Message-----
From: Jeffrey A. Kiburtz [mailto:jak@wood-bender.com]
Sent: Wednesday, August 06, 2008 2:21 PM
To: Zipfel, Michael P.; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Michael:

Attached is a letter from Blue Cross Arizona that formed the basis of our agreement to
dismiss.  If you would prepare something similar, we could move forward with the request
for dismissal.

Thanks.

Jeff

Jeffrey A. Kiburtz, Esq.
jak@wood-bender.com

864 East Santa Clara Street
San Buenaventura, California 93001
Phone: 805.288.1300
Fax:  805.288.1301
Website: www.wood-bender.com

This email is the sole property of WOOD & BENDER LLP. It is intended for the identified
and named recipient(s) only. Any review or use of this communication by anyone other than
its identified and named recipient(s) is unauthorized, is a breach of the sender's and the
recipient(s)'
privacy rights, and will subject the unauthorized reader or user to liability. This
communication contains confidential information that may be protected by the attorney-work
product and attorney-client privileges.




-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, August 06, 2008 11:09 AM
To: David Wood
Cc: Jeffrey A. Kiburtz
Subject: FW: Cady v. Anthem Blue Cross et al.

Mr. Wood:  I am contacting you regarding the message below.  I contacted Ed Nevin to
request the dismissal of Independence Blue Cross, not Anthem. I believe he simply typed
the wrong name.

Please let me know what stipulation you have in mind as soon as you can, since the filing
deadline is quickly approaching and, if necessary, our outside counsel must prepare
various motions.  It is my understanding the BCBS of Arizona was dismissed already based
upon the same issues that I raised with Mr. Nevin.

I look forward to hearing from you.


Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908

2

215-241-9995 (fax)
=========================================================================
======

CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
=========================================================================
======


-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Wednesday, August 06, 2008 1:07 PM
To: Zipfel, Michael P.
Cc: David Wood; Jeffrey A. Kiburtz
Subject: RE: Cady v. Anthem Blue Cross et al.


Dear Mr. Zipfel,

        Pending acceptable written stipulation to be worked out between you and my colleague and co-counsel for plaintiffs, David Wood, we are prepared to dismiss Anthem Blue Cross. David Wood and his office will be back to you.  Please feel free to contact him directly.

                        Ed Nevin

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Tuesday, August 05, 2008 10:23 AM
To: Edward J. Nevin
Subject: RE: Cady v. Anthem Blue Cross et al.

Ed:  Please let me know your position regarding my renewed dismissal request.  Thank you.



Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
=========================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
=========================================================================
======


-----Original Message-----
From: Zipfel, Michael P.
Sent: Friday, August 01, 2008 8:20 AM
To: 'Edward J. Nevin'
Subject: RE: Cady v. Anthem Blue Cross et al.

Ed:  Please let me know your position regarding my renewed dismissal request.  We have retained counsel and, in light of the August 15 deadline, they need to start working on appropriate motions.  Thanks.

Mike


Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
===================================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
===================================================================================
======


-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Tuesday, July 15, 2008 7:50 AM
To: Zipfel, Michael P.
Cc: charlene@333law.com
Subject: RE: Cady v. Anthem Blue Cross et al.


Mr. Zipfel, I leave this morning for Tacoma for depos for rest of week, but I will be in touch by email and phone.

Charlene, Could you please fax Mr. Zipfel a copy of my letter of last week.  I am surprised that he has not received it as yet.

                    Ed

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Monday, July 14, 2008 5:41 AM
To: Edward J. Nevin
Subject: RE: Cady v. Anthem Blue Cross et al.

Ed:  I have not heard from you about our dismissal request.

Mike Zipfel




-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Wednesday, July 02, 2008 10:54 AM
To: Zipfel, Michael P.; dew@wood-bender.com; jak@wood-bender.com
Subject: RE: Cady v. Anthem Blue Cross et al.

Dear Mr. Zipfel,

We hereby agree that you have 45 days from this date to retain counsel and that time will be even further extended from the date you retain counsel so that new counsel has time for responsive pleading.

I will continue to consider and investigate your assertions and I will we will be back to you in writing no later than Friday, July 11.
I need this weekend to review all of the materials I gathered prior to the filing of the complaint.

Edward J. Nevin

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, July 02, 2008 6:35 AM
To: Edward J. Nevin; dew@wood-bender.com; jak@wood-bender.com
Subject: Cady v. Anthem Blue Cross et al.


Gentlemen:  On June 17, 2008, I sent you a telefax requesting the prompt dismissal of all claims against IBC, so we can avoid incurring attorneys' fees and the need to investigate a potential Rule 11 violation.  The following day, you advised that you would respond to my letter in approximately one week.
Please let me know if your response will be forthcoming shortly.  In addition, if for some reason you are not willing to dismiss IBC at this time, I am requesting an extension of 45 days from the date of your response to retain counsel and to file an answer or an appropriate motion.
I look forward to hearing from you.  Thank you for your cooperation.
Mike
Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
=====================================================================
======

CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
=====================================================================
======


CONFIDENTIALITY NOTICE: This E-Mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute and delete the original message.  Please notify the sender by E-Mail at the address shown. Thank you for your compliance.

# EXHIBIT E

# EXHIBIT E

**Robert Hester**

**Subject:**            Cady v. Anthem Blue Cross et al.

**Attachments:**        kiburtz.pdf; rfa.pdf

  

kiburtz.pdf (185 KB)  rfa.pdf (719 KB)

```
                        -----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Thursday, August 07, 2008 10:43 AM
To: Jeffrey A. Kiburtz
Subject: RE: Cady v. Anthem Blue Cross et al.




Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
===================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged,
confidential, and/or otherwise protected from disclosure to anyone other than its intended
recipient(s). Any dissemination or use of this electronic mail or its contents by persons
other than the intended recipient(s) is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by reply e-mail so that we
may correct our internal records.
Please then delete the original message. Thank you.
===================================================================
======


-----Original Message-----
From: Jeffrey A. Kiburtz [mailto:jak@wood-bender.com]
Sent: Wednesday, August 06, 2008 3:08 PM
To: Zipfel, Michael P.; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Thanks, Mike. But I think we need a more formal letter that provides details concerning
the search process utilized and encloses the RFA procedure, similar to that which BC
Arizona provided.

Jeff

Jeffrey A. Kiburtz, Esq.
jak@wood-bender.com

864 East Santa Clara Street
San Buenaventura, California 93001
Phone: 805.288.1300
Fax:  805.288.1301
Website: www.wood-bender.com

This email is the sole property of WOOD & BENDER LLP. It is intended for the identified
and named recipient(s) only. Any review or use of this communication by anyone other than
its identified and named recipient(s) is unauthorized, is a breach of the sender's and the
```

recipient(s)'
privacy rights, and will subject the unauthorized reader or user to liability. This
communication contains confidential information that may be protected by the attorney-work
product and attorney-client privileges.

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, August 06, 2008 11:36 AM
To: Jeffrey A. Kiburtz; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Jeff:  I am forwarding a letter that I sent to Ed Nevin on July 29.  I also have attached
a copy of our policy #11.00.16, which I provided to Ed back in June.  I believe this is
what you need.  Thanks.

Mike



Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
=============================================================================
======

CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged,
confidential, and/or otherwise protected from disclosure to anyone other than its intended
recipient(s). Any dissemination or use of this electronic mail or its contents by persons
other than the intended recipient(s) is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by reply e-mail so that we
may correct our internal records.
Please then delete the original message. Thank you.
=============================================================================
======

-----Original Message-----
From: Jeffrey A. Kiburtz [mailto:jak@wood-bender.com]
Sent: Wednesday, August 06, 2008 2:21 PM
To: Zipfel, Michael P.; David Wood
Subject: RE: Cady v. Anthem Blue Cross et al.

Michael:

Attached is a letter from Blue Cross Arizona that formed the basis of our agreement to
dismiss.  If you would prepare something similar, we could move forward with the request
for dismissal.

Thanks.

Jeff

Jeffrey A. Kiburtz, Esq.
jak@wood-bender.com

864 East Santa Clara Street
San Buenaventura, California 93001
Phone: 805.288.1300
Fax:  805.288.1301

Website: www.wood-bender.com

This email is the sole property of WOOD & BENDER LLP. It is intended for the identified and named recipient(s) only. Any review or use of this communication by anyone other than its identified and named recipient(s) is unauthorized, is a breach of the sender's and the recipient(s)'
privacy rights, and will subject the unauthorized reader or user to liability. This communication contains confidential information that may be protected by the attorney-work product and attorney-client privileges.

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, August 06, 2008 11:09 AM
To: David Wood
Cc: Jeffrey A. Kiburtz
Subject: FW: Cady v. Anthem Blue Cross et al.

Mr. Wood:  I am contacting you regarding the message below.  I contacted Ed Nevin to request the dismissal of Independence Blue Cross, not Anthem. I believe he simply typed the wrong name.

Please let me know what stipulation you have in mind as soon as you can, since the filing deadline is quickly approaching and, if necessary, our outside counsel must prepare various motions.  It is my understanding the BCBS of Arizona was dismissed already based upon the same issues that I raised with Mr. Nevin.

I look forward to hearing from you.


Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
======================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
======================================================================
======


-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Wednesday, August 06, 2008 1:07 PM
To: Zipfel, Michael P.
Cc: David Wood; Jeffrey A. Kiburtz
Subject: RE: Cady v. Anthem Blue Cross et al.


Dear Mr. Zipfel,

        Pending acceptable written stipulation to be worked out between you and my colleague and co-counsel for plaintiffs, David Wood, we are prepared to dismiss Anthem Blue Cross. David Wood and his office will be back to you.  Please feel free to contact him directly.

Ed Nevin

-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Tuesday, August 05, 2008 10:23 AM
To: Edward J. Nevin
Subject: RE: Cady v. Anthem Blue Cross et al.

Ed:  Please let me know your position regarding my renewed dismissal request.  Thank you.



Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
============================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged,
confidential, and/or otherwise protected from disclosure to anyone other than its intended
recipient(s). Any dissemination or use of this electronic mail or its contents by persons
other than the intended recipient(s) is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by reply e-mail so that we
may correct our internal records.
Please then delete the original message. Thank you.
============================================================================
======


-----Original Message-----
From: Zipfel, Michael P.
Sent: Friday, August 01, 2008 8:20 AM
To: 'Edward J. Nevin'
Subject: RE: Cady v. Anthem Blue Cross et al.

Ed:  Please let me know your position regarding my renewed dismissal request.  We have
retained counsel and, in light of the August 15 deadline, they need to start working on
appropriate motions.  Thanks.

Mike



Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
============================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged,
confidential, and/or otherwise protected from disclosure to anyone other than its intended
recipient(s). Any dissemination or use of this electronic mail or its contents by persons
other than the intended recipient(s) is strictly prohibited. If you have received this
communication in error, please notify the sender immediately by reply e-mail so that we
may correct our internal records.
Please then delete the original message. Thank you.
============================================================================
======

```
-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Tuesday, July 15, 2008 7:50 AM
To: Zipfel, Michael P.
Cc: charlene@333law.com
Subject: RE: Cady v. Anthem Blue Cross et al.
```

Mr. Zipfel, I leave this morning for Tacoma for depos for rest of week, but I will be in touch by email and phone.

Charlene, Could you please fax Mr. Zipfel a copy of my letter of last week. I am surprised that he has not received it as yet.

                    Ed

```
-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Monday, July 14, 2008 5:41 AM
To: Edward J. Nevin
Subject: RE: Cady v. Anthem Blue Cross et al.
```

Ed:  I have not heard from you about our dismissal request.

Mike Zipfel

```
-----Original Message-----
From: Edward J. Nevin [mailto:ed.nevin@333law.com]
Sent: Wednesday, July 02, 2008 10:54 AM
To: Zipfel, Michael P.; dew@wood-bender.com; jak@wood-bender.com
Subject: RE: Cady v. Anthem Blue Cross et al.
```

Dear Mr. Zipfel,

     We hereby agree that you have 45 days from this date to retain counsel and that time will be even further extended from the date you retain counsel so that new counsel has time for responsive pleading.

     I will continue to consider and investigate your assertions and I will we will be back to you in writing no later than Friday, July 11.
I need this weekend to review all of the materials I gathered prior to the filing of the complaint.

                    Edward J. Nevin

```
-----Original Message-----
From: Zipfel, Michael P. [mailto:Michael.Zipfel@ibx.com]
Sent: Wednesday, July 02, 2008 6:35 AM
To: Edward J. Nevin; dew@wood-bender.com; jak@wood-bender.com
Subject: Cady v. Anthem Blue Cross et al.
```

Gentlemen:  On June 17, 2008, I sent you a telefax requesting the prompt dismissal of all claims against IBC, so we can avoid incurring attorneys' fees and the need to investigate a potential Rule 11 violation.  The following day, you advised that you would respond to my letter in approximately one week.
Please let me know if your response will be forthcoming shortly.  In addition, if for some reason you are not willing to dismiss IBC at this time, I am requesting an extension of 45 days from the date of your response to retain counsel and to file an answer or an appropriate motion.
I look forward to hearing from you.  Thank you for your cooperation.
Mike

Michael P. Zipfel
Senior Counsel
Independence Blue Cross
1901 Market Street, 36th Floor
Philadelphia, PA 19103
215-241-4908
215-241-9995 (fax)
============================================================================
======
CONFIDENTIALITY NOTICE: This electronic mail may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). Any dissemination or use of this electronic mail or its contents by persons other than the intended recipient(s) is strictly prohibited. If you have received this communication in error, please notify the sender immediately by reply e-mail so that we may correct our internal records.
Please then delete the original message. Thank you.
============================================================================
======


CONFIDENTIALITY NOTICE: This E-Mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you have received this communication in error, please do not distribute and delete the original message.  Please notify the sender by E-Mail at the address shown. Thank you for your compliance.

EXHIBIT F

EXHIBIT F


**Independence
Blue Cross**

www.ibx.com

1901 MARKET STREET
PHILADELPHIA, PA 19103-1480

August 7, 2008

**VIA E-MAIL**
Jeffrey A. Kiburtz, Esquire
Wood & Bender LLP
864 E. Santa Clara Street
San Buenaventura, CA 93001

   Re: Cady v. Anthem Blue Cross, *et al.*

Dear Jeff:

I am writing to confirm information that I previously provided to your co-counsel, Ed Nevin.

First, Independence Blue Cross ("IBC") has a Medical Policy pertaining to Radiofrequency Ablation of Lung Tumors, which states in part that "radiofrequency ablation is considered medically necessary and, therefore, covered for the treatment" of certain types of pulmonary lesions. I provided you with a copy of the policy yesterday and it is also publicly available on our website.

Second, we conducted a search of records dating back to 2003, to identify instances when precertification was requested for the following CPT codes:

   32998: Ablation therapy for reduction or eradication of one or more pulmonary tumor(s) including pleura or chest wall when involved by tumor extension, percutaneous, radiofrequency, unilateral; and

   31899: Unlisted procedure, trachea, bronchi.

The code for radiofrequency ablation of lung tumors is 32998, as noted in the policy I provided to you. However, we also searched our records regarding code 31899, which is the code for cryosurgical ablation of lung tumors.

Twenty-eight precertification requests were identified for these CPT codes since 2003. Twenty-five of those requests were certified and three requests were canceled by the provider or the member. Two of the canceled requests involved code 32998.

Based upon his review of this information, Ed Nevin advised that the plaintiff is willing to dismiss IBC from the Cady lawsuit. I look forward to receiving a draft of the dismissal papers that you will file with the Court as soon as possible.

Independence Blue Cross offers products directly, through its subsidiaries Keystone Health Plan East and QCC Insurance Company, and with Highmark Blue Shield.
Independent Licensees of the Blue Cross and Blue Shield Association.

Thank you for your cooperation.

Very truly yours,

Michael P. Zipfel
Senior Counsel

MPZ/