IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. CADY, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, et al.,<br><br>    Defendants.                     / | No. C 08-2753 CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS |

    Defendants Blue Cross of Idaho Health Service, Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York Inc. (d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York), Blue Cross Blue Shield of North Dakota and BlueCross BlueShield of Wyoming move to dismiss the claims against them.  Defendants Anthem Blue Cross Life and Health Insurance Company, Premera Blue Cross, Blue Cross and Blue Shield of Alabama, Arkansas Blue Cross and Blue Shield, Blue Shield of California Life & Health Insurance Company, Anthem Blue Cross and Blue Shield, Carefirst, Inc., Blue Cross Blue Shield of Delaware, Blue Cross and Blue Shield of Florida, Inc., Blue Cross and Blue Shield of Georgia, Inc., Hawaii Medical Service

Association, Wellmark, Inc., Regence Blueshield of Idaho, Inc., the Regence Group, Blue Cross and Blue Shield of Louisiana, Blue Cross and Blue Shield of Massachusetts, Inc., BCBSM Foundation, BCBSM Foundation, Inc., Blue Cross and Blue Shield of Kansas, Inc., Blue Cross & Blue Shield of Mississippi, Blue Cross and Blue Shield of Montana, Inc., Blue Cross and Blue Shield of North Carolina, Empire Bluecross Blueshield, Excellus Bluecross Blueshield, Capital Blue Cross, Highmark Blue Cross Blue Shield, Highmark Blue Shield, Blue Cross & Blue Shield of Rhode Island, Blue Cross and Blue Shield of South Carolina, BlueCross BlueShield of Tennessee, Inc., Blue Cross and Blue Shield of Vermont, Mountain State Blue Cross Blue Shield, Inc. and Blue Cross & Blue Shield of Wyoming move separately to dismiss the claims against them.  Plaintiff James Cady opposes the motions.  The matter was heard on September 25, 2008.  Having considered oral argument and all of the papers submitted by the parties, the Court grants the motions except with respect to the claims against Anthem Blue Cross Life and Health Insurance Company.

BACKGROUND

Plaintiff is a participant in a group health plan sponsored by his employer, Granite Construction Inc.  The plan is allegedly administered by Defendant Anthem Blue Cross Life and Health Insurance Company (Anthem).[1]  Plaintiff asserts that the plan is governed by the Employee Retirement Income Security Act (ERISA).  Plaintiff does not allege that he has a direct relationship with any Defendant other than Anthem.

---

[1] The use of the term, "Anthem" in this order does not refer to Anthem Blue Cross and Blue Shield, which is a separate Defendant.

2

Plaintiff suffers from lung cancer. His doctors have recommended that he undergo Radiofrequency Ablation (RFA) therapy. This therapy involves inserting a needle electrode into the tumor and emitting radio waves to generate heat and kill the tumor cells. Plaintiff sought insurance coverage for RFA therapy, but Anthem allegedly denied coverage because it considers the therapy to be investigational. Plaintiff believes that the other Defendants, all of which administer ERISA plans, share Anthem's policy of denying coverage for RFA therapy for treatment of certain pulmonary tumors.

Plaintiff brings this action on behalf of himself and all participants in all ERISA plans administered by Defendants who have been denied benefits for RFA treatment. He charges Defendants with breaching the terms of the plans in violation of ERISA.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request

3

1  to amend the pleading was made, unless amendment would be futile.
2  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
3  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment
4  would be futile, the court examines whether the complaint could be
5  amended to cure the defect requiring dismissal "without
6  contradicting any of the allegations of [the] original complaint."
7  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

## DISCUSSION

### I. Standing

All Defendants except Anthem move to dismiss the claims against them on the ground that Plaintiff lacks standing.  The standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "cases" and "controversies."  See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir. 1994).  The absence of any one element deprives a plaintiff of Article III standing and requires dismissal.  See Whitmore v. Fed. Election Comm'n, 68 F.3d 1212, 1215 (9th Cir. 1995).

Because a plaintiff must show that his or her injury is "fairly traceable to the challenged action of the defendant,"

4

1   Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,
2   528 U.S. 167, 180 (2000), and because Plaintiff has not alleged
3   that any Defendant other than Anthem had anything to do with the
4   denial of his request for benefits, Plaintiff has standing to sue
5   only Anthem for redress.  The question is whether Plaintiff should
6   nonetheless be permitted to pursue claims against the other
7   Defendants because those claims are asserted on behalf of a
8   putative class of individuals who would have standing to sue the
9   other Defendants if they were to do so on their own.

10         The Ninth Circuit has not directly addressed the issue of
11  whether a "plaintiff having a cause of action against a single
12  defendant has standing to maintain a class action against the
13  single defendant as well as an unrelated group of defendants who
14  have engaged in similar conduct."  Henry v. Circus Circus Casinos,
15  Inc., 223 F.R.D. 541, 543 (D. Nev. 2004).  However, the court has
16  established that, in a class action, the jurisdictional requirement
17  of standing must be addressed prior to class certification.  Lee v.
18  Oregon, 107 F.3d 1382, 1390 (9th Cir. 1997).  If the named
19  plaintiff fails to establish standing, "he may not 'seek relief on
20  behalf of himself or any other member of the class.'"  Id. (quoting
21  Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir. 1990)).  In
22  addition, "named plaintiffs who represent a class 'must allege and
23  show that they personally have been injured, not that injury has
24  been suffered by other, unidentified members of the class to which
25  they belong and which they purport to represent.'"  Simon v. E. Ky.
26  Welfare Rights Org., 426 U.S. 26, 40 n.20 (1976) (quoting Warth v.
27  Seldin, 422 U.S. 490, 502 (1975)).

28                                   5

These cases suggest that Plaintiff may not sue any Defendant against whom he has no individual claim. Other district courts within the Ninth Circuit have reached the same conclusion, dismissing class action claims against defendants whom the named plaintiffs lacked standing to sue. See Henry, 223 F.R.D. at 544; Siemers v. Wells Fargo & Co., 2006 WL 3041090, at *5-*8 (N.D. Cal.). As the court stated in Henry, "to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." 223 F.R.D. at 544.

Plaintiff cites several non-binding decisions adopting the view that, when a plaintiff has standing to sue his own plan for ERISA violations, he or she may "represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 422 (6th Cir. 1998); see also Buus v. WAMU Pension Plan, 2007 WL 4510311, at *5 (W.D. Wash.); Davis v. Bailey, 2005 WL 3527286, at *1-*2 (D. Colo.); Alves v. Harvard Pilgrim Health Care Inc., 204 F. Supp. 2d 198, 205 (D. Mass. 2002). However, every case except Alves addresses standing in the context of multi-plan ERISA claims where the absent class members' claims are asserted against the same defendants as the named plaintiffs' individual claims. Thus, each of the defendants in these cases was charged with liability in connection with at least one named plaintiff's individual claims. In contrast, Plaintiff has sued more than forty Defendants, but his

6

1  individual claim is asserted against only one them.  In <u>Alves</u>, the
2  court found that the plaintiffs had standing to sue two defendants
3  that were not sponsors or administrators of their plan.  However,
4  these two defendants were affiliates of the sponsor and were wholly
5  owned by it.  The court thus treated the sponsor and its affiliates
6  as a single entity for standing purposes, and allowed the claims to
7  go forward against them.  Here, in contrast, the complaint does not
8  allege any type of relationship -- financial or otherwise -- among
9  Defendants.

   Plaintiff also cites cases applying the "juridical-link"
doctrine.  The Seventh Circuit has described the doctrine as
follows:

> The juridical link doctrine arose out of the Ninth
> Circuit's decision in <u>La Mar v. H & B Novelty & Loan Co.</u>,
> 489 F.2d 461 (9th Cir. 1973).  <u>La Mar</u> held that a
> plaintiff without a cause of action against a specific
> defendant cannot "'fairly and adequately' protect the
> interests of those who do have such causes of action,"
> for purposes of Rule 23(a).  Nevertheless, . . . the
> court went on to hold that if the plaintiffs as a group
> -- named and unnamed -- have suffered an identical injury
> at the hands of several parties related by way of a
> conspiracy or concerted scheme, or otherwise "juridically
> related in a manner that suggests a single resolution of
> the dispute would be expeditious," the claim could go
> forward.

<u>Payton v. County of Kane</u>, 308 F.3d 673, 678-79 (7th Cir. 2002).
However, the Ninth Circuit in <u>La Mar</u> explicitly declined to resolve
the issue of standing.  489 F.2d at 464.  And, as the <u>Siemers</u> court
noted, "the juridical-link doctrine has been held not to apply to
standing questions at the pleading stage."  2006 WL 3041090, at *6
(citing <u>Forsythe v. Sun Life Fin., Inc.</u>, 417 F. Supp. 2d 100, 119
n.19 (D. Mass. 2006); <u>Henry</u>, 223 F.R.D. at 544).  The Court shares

7

1 the view of other courts finding that the "doctrine, developed in
2 the context of class certification analysis under Rule 23, should
3 properly remain in the analysis of adequacy and typicality of
4 plaintiffs for which it was originally conceived."  Siemers, 2006
5 WL 3041090, at *6 (quoting Forsythe, 417 F. Supp. at 119 n.19); see
6 also Henry, 223 F.R.D. at 544 (stating that a "doctrine developed
7 under Rule 23 based on judicial efficiency and expedience does not
8 play a role in an Article III standing analysis").

     The Court concludes that, based on the allegations in the
complaint, Plaintiff may not assert claims against those Defendants
that played no part in the decision to deny him benefits for RFA
treatment.  Accordingly, Anthem is the only Defendant that
Plaintiff has standing to sue, and his claims against the other
Defendants must be dismissed.

     A different conclusion might be warranted if, as in Alves,
Defendants shared some relationship such that they should be
treated as a single entity.  For instance, Plaintiff might be able
to proceed against Defendants other than Anthem if the decision not
to cover RFA treatment was made as the result of a centralized
process involving all Defendants, and operated to deny RFA coverage
to all members of Defendants' plans.  However, even though most of
Defendants' names are based on some variation of "Blue Cross" and
"Blue Shield," the complaint does not identify any relationship
among them.  Nor does the complaint allege any relationship between
the denial of Plaintiff's claim for RFA coverage and the denial of
claims for RFA coverage by other Defendants.  Although Plaintiff
requests that the Court permit him to seek discovery to determine

8

1  whether such a relationship exists, the Court cannot assume
2  "hypothetical jurisdiction" to order discovery when Plaintiff's
3  lack of standing is apparent from the face of the complaint. See
4  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94
5  (1998).
6  II.  Adequacy of the Allegations in the Complaint
7       Anthem concedes that Plaintiff has standing to sue it, but
8  asserts that the complaint is nonetheless insufficient to state a
9  claim against it.  It notes that the complaint does not identify
10 Anthem as a "plan administrator," and argues that it is therefore
11 not a proper defendant.  In support of its argument, Anthem relies
12 on Everhart v. Allmerica Financial Life Insurance Co., 275 F.3d
13 751, 756 (9th Cir. 2001), which affirmed that an ERISA action for
14 benefits may not be brought against a third-party insurer who acts
15 as a claims administrator, but rather must be brought against the
16 plan administrator.
17      It is true that the complaint does not state that Anthem is
18 the "plan administrator."  But it states, "Cady is a participant in
19 a group health plan . . . administered by defendant BC Life
20 [(Anthem)]."  Compl. ¶ 49.  Alleging that the plan is "administered
21 by Anthem" is no different than alleging that Anthem is the "plan
22 administrator."  See Oxford English Dictionary, 2d Ed. (1989)
23 (defining "administrator" as "[o]ne who administers").
24      Anthem also cites Ford v. MCI Communications Corp. Health and
25 Welfare Plan, 399 F.3d 1076 (9th Cir. 2005), in support of its
26 position.  In Ford, the Ninth Circuit characterized its decision in
27 Everhart as "reject[ing] the argument that an insurer who
28
                                    9

controlled the administration of the plan and made the discretionary decisions as to whether benefits were owed could be sued under § 1132(a)(1)(B)." Id. at 1082 (internal quotation marks omitted). The court also noted that ERISA defines a "plan administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(I). However, neither Ford nor Everhart addressed the sufficiency of the allegations in the complaint on a motion to dismiss; in both cases, it had already been established that the defendant, despite arguably administering the plan, was not designated as the plan administrator in the operative instrument. If the evidence demonstrates that Anthem is not in fact the administrator designated in the plan's instrument, Anthem may move for summary judgment. However, dismissing the complaint at this stage would elevate form over substance and would not serve the goal of judicial efficiency, in that Plaintiff would be given leave to amend the complaint to allege that Anthem is the plan administrator.

Anthem also argues that the allegations in the complaint are not specific enough to satisfy Twombly, in which the Supreme Court stated that, in order to survive a motion to dismiss, the factual allegations "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. The complaint, however, clearly states what Anthem is alleged to have done: deny, as a matter of policy and in violation of ERISA, Plaintiff's request for insurance benefits to cover RFA treatment, on the basis that the

10

treatment is considered investigational.[2] This is far from a "formulaic recitation of the elements of a cause of action," id., and is sufficient to withstand a motion to dismiss. Nor does Anthem need a more definite statement in order to enable it to raise its defenses in the answer.

Finally, Anthem notes that the complaint identifies two sub-classes: those who paid for RFA treatment notwithstanding the denial of their request for insurance coverage, and those who did not receive RFA treatment after their request was denied. Anthem argues that Plaintiff may not represent this latter sub-class because he paid for and received RFA treatment after Anthem denied his request. This argument, however, goes to the appropriateness of class certification, not to whether Plaintiff has stated an ERISA claim. Accordingly, it does not provide a ground for dismissing the complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED except with respect to the claims against Anthem Blue Cross Life and Health Insurance Company. Plaintiff's claims against the other Defendants are dismissed without prejudice. Plaintiff is given leave to amend the complaint to allege, if he can truthfully

---

[2] Anthem's specific arguments concerning the sufficiency of the complaint's allegations were made in connection with an omnibus motion on behalf of numerous Defendants, and were largely directed to the allegations against other Defendants. The sufficiency of the allegations against the other Defendants is not at issue because the Court has determined that Plaintiff lacks standing to sue those Defendants. However, the Court notes that the complaint does not allege that any Defendant other than Anthem is the administrator of an ERISA plan. Any amended complaint must contain this allegation in order to withstand a motion to dismiss.

11

do so, facts sufficient to demonstrate that he has standing to sue the Defendants other than Anthem.

As stated at the case management conference, any amended complaint must be filed by October 9, 2008. Defendants' answer or motion to dismiss must be filed by October 29. If no amended complaint is filed, Anthem shall file its answer to the original complaint by October 29. Defendants should coordinate any future motions so as to eliminate duplicative briefing. Similarly, Plaintiff's oppositions to concurrent motions made by multiple Defendants should be contained in a single brief.

IT IS SO ORDERED.

Dated: 10/2/08

CLAUDIA WILKEN
United States District Judge